HOUSTON, B. & T. RY. CO. v. HORN-
BERGER.†

(Court of Civil Appeals of Texas. Galveston. May 16, 1911.)

1. COURTS (§ 207*)—JURISDICTION—COURTS OF CIVIL APPEALS — POWER TO ISSUE INJUNCTIONS.

Under Rev. St. 1895, art. 997, giving the Courts of Civil Appeals authority to issue writs of mandamus and all other writs necessary to enforce the jurisdiction of the courts, such courts having no original jurisdiction, may not issue an injunction unless necessary to enforce the appellate jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 207.*]

2. APPEAL AND ERROR (§ 454*)—JURISDICTION OF COURT.

Where an appeal was properly taken from a judgment of the county court which adjourned without modifying it, the jurisdiction of the whole matter vested in the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2215; Dec. Dig. § 454.*]

3. COURTS (§ 207*)—COURT OF CIVIL APPEALS —JURISDICTION — RIGHT TO ISSUE INJUNCTION.

Where the county court denied the right of a railroad to condemn a right of way rendering judgment for defendant and awarding him possession, and an appeal was properly taken, the Court of Civil Appeals properly issued an injunction restraining defendant from enforcing the judgment under authority given by Rev. St. 1895, art. 997, to issue such writ to enforce its jurisdiction, and, if such writ was not issued, the appeal, when decided, might well be merely the decision of an abstract question, the subject-matter having practically been destroyed.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 207.*]

4. EMINENT DOMAIN (§ 244*) — POSSESSION PENDING APPEAL.

Acts 26th Leg. c. 70, entitled "An act to amend article 4471" of the Revised Statutes 1895, so as to permit railroads and other corporations, having the right of eminent domain, to take possession of the property sought to be condemned pending litigation, provides that in no case shall a corporation be permitted to enter without first having paid the damages awarded and having deposited in the court a further sum equal to any additional damages awarded, and should it be determined on final decision that the right to condemn does not exist, the property shall be surrendered, and the owner compensated for any damages, and if the cause shall be appealed from the county court, the appeal shall be governed by the law in other cases save that such judgment shall not be suspended. *Held,* that the provision that the judgment of the county court shall not be suspended cannot be interpreted as meaning that an appeal by the condemning corporation will not have that effect, for the corporation is given the right to hold possession pending litigation until the final decision of the case.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 632; Dec. Dig. § 244.*]

Condemnation proceedings by the Houston, Belt & Terminal Railway Company against Jacob Hornberger. From an award of the commissioners, defendant appealed to the county court where judgment was rendered for defendant. An appeal was taken, and the Court of Civil Appeals granted an injunction restraining defendant from granting the judgment. On motion to dismiss the injunction. Motion denied.

Andrews, Ball & Streetman, A. L. Jackson, and C. K. Burns, for applicant. Campbell & Sewall, for respondent.

PLEASANTS, C. J. The appellant, a terminal railway company, organized and chartered under the laws of this state, and claiming as such the right of eminent domain, filed its application and statement with the county judge of Harris county, in accordance with the provisions of the statute, seeking to condemn for right of way purposes a strip of land 96.4 feet in width by 1,442 feet in length over and upon a tract of 75 acres of land near the city of Houston in Harris county, Tex., belonging to appellee, Hornberger. Commissioners were appointed as required by the statute, and the appellee being cited appeared and filed answer. Upon

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Certified questions pending on rehearing.

a hearing before said commissioners both parties introduced evidence of the value of the land sought to be condemned and of the damages to the remainder of the land of appellee. After hearing and considering the evidence, the commissioners, on July 2, 1910, found that the value of the land sought to be condemned, and the consequential damages to the remainder of appellee's tract amounted to $1,600, and made, signed, and filed their findings in writing to that effect. On July 7, 1910, appellee filed his written objections and opposition to the award of the commissioners, and gave notice of appeal to the county court of Harris county. Thereupon appellant tendered to the appellee the sum of $1,600, the amount of said award, and upon his refusal to accept same deposited said amount with the clerk of the county court of Harris county subject to appellee's order, and at the same time paid the cost adjudged against it, made the additional deposit, and executed the bond required by the statute to entitle it to take possession of said right of way. After fully complying with the statute, as aforesaid, appellant took possession of the strip of land sought to be condemned by it and constructed thereon its roadbed and track for permanent use in connection with the remainder of its track.

Upon the trial of appellee's appeal in the county court of Harris county, after rendering a judgment on April 3, 1911, on the verdict of a jury in favor of plaintiff for condemnation of the right of way, and in favor of defendant for damages in the sum of $7,392.50, the court, on April 10, 1911, sustained a motion by defendant in arrest of judgment and entered a final judgment vacating the former judgment rendered on April 3d, and denying appellant's right to condemn appellee's property, on the ground that appellant is not a common carrier and not subject to regulation by the Railroad Commission of the state of Texas, and therefore the statute giving it the right of eminent domain is unconstitutional. This judgment further decrees that appellee have a writ of possession for the right of way over his land now in the possession of appellant. From this judgment appellant, having excepted thereto in open court and given notice of appeal, perfected its appeal to this court by filing in due time a supersedeas bond in an amount more than double the value of the property and the damages claimed by appellee and the probable cost. Thereafter, on application to this court by appellant, it was made to appear that notwithstanding said appeal and the filing of said supersedeas bond by appellant, appellee had procured or was about to procure the issuance of a writ of possession by the county clerk of Harris county and to proceed thereunder to oust appellant from the possession of said right of way pending the decision of the appeal to this court. Upon this showing

we ordered the issuance of a writ of injunction restraining appellee from executing the judgment of the court below pending the final decision of the appeal. This writ having been issued and served, appellee has filed a motion to dissolve said injunction upon the grounds hereinafter indicated.

First, it is contended that the ordering of the injunction by this court was the assumption of a power or jurisdiction not conferred by the Constitution or law upon Courts of Civil Appeals or the judges thereof.

[1] The authority conferred by the statute upon Courts of Civil Appeals to grant an injunction is confined to cases in which the issuance of such writ is necessary to enforce the jurisdiction of the court granting the writ, and it is well settled that such courts have no original jurisdiction to issue writs of injunction, it matters not how necessary such relief may be for the protection of the rights of the applicant therefor. R. S. 1895, art. 997; Ellis v. Harrison, 24 Tex. Civ. App. 13, 56 S. W. 592, 57 S. W. 984; City of Laredo v. Martin, 52 Tex. 548.

It follows that unless the writ of injunction heretofore issued by this court, restraining the execution of the judgment of the court below pending the appeal, was necessary to enforce the jurisdiction of this court, said injunction was unauthorized and should be dissolved.

[2, 3] Assuming that the judgment of the court below was suspended by the filing by appellant of the supersedeas bond, we think the issuance of the injunction was necessary to the enforcement of the jurisdiction of this court. The perfection of the appeal by the filing of the supersedeas bond conferred upon this court complete and active jurisdiction of the subject-matter of the suit and of the parties in their relation to such matter so long as the appeal may be pending in this court. Until the adjournment of the county court this jurisdiction was subject to the power of that court to set aside or modify its decree, but that court having adjourned without further action in the premises, the jurisdiction of this court is now unconditional. Churchill v. Martin, 65 Tex. 368; Ellis v. Harrison, 24 Tex. Civ. App. 13, 56 S. W. 592, 57 S. W. 984; Gordon v. Rhodes, 104 S. W. 786. Having thus obtained complete jurisdiction of the res, or subject-matter of the suit, the power of this court to preserve the status quo and maintain and protect the possession of the property which forms the subject-matter of the suit as it existed at the time the appeal was taken is inherent, and the issuance of an injunction, where necessary for this purpose, is a proper exercise of the authority conferred upon Courts of Civil Appeals by the statute to issue writs of injunction when necessary to enforce their jurisdiction. The right to the permanent possession of the right of way includes the right to its possession pending the final

decision of the case, and is the material issue involved in the appeal, and in order to preserve this right in its entirety the supersedeas bond was executed. If, notwithstanding the execution of said bond, appellee is permitted to oust appellant from the possession of the land pending the appeal, it is manifest that the orderly exercise of the jurisdiction of this court to determine the whole issue of appellant's right of possession will be infringed, and a writ of injunction issued in the necessary protection of this jurisdiction is authorized under the statute before cited. If appellate courts could not enforce their jurisdiction in this way, the right given a litigant to suspend a judgment of a trial court by appeal and the filing of a supersedeas bond would have no protection, and the final decision of the appellate court would often be merely the decision of an abstract question, the subject-matter or substance of the appeal having been practically destroyed by the execution of the judgment of the lower court pending the appeal. No construction of the statute conferring power upon appellate courts to issue writs of injunction when necessary to enforce their jurisdiction which would produce such results can be sound. Waters-Pierce Oil Co. v. State (Sup.) 106 S. W. 326; Railway Co. v. Railway Co., 68 Tex. 98, 2 S. W. 199, 3 S. W. 564; Havemeyer v. Superior Court, 84 Cal. 327, 24 Pac. 121, 10 L. R. A. 627, 18 Am. St. Rep. 192.

[4] It is next very earnestly insisted by counsel for appellee in a learned and able brief and oral argument presented on the bearing of the motion to dissolve that the statute regulating appeals from the judgment of a county court in a condemnation proceeding expressly provides that such judgment shall not be suspended by the appeal, and that therefore appellant has no right to an injunction restraining the execution of the judgment of the trial court.

The statute in question is found in the Acts of the Twenty-Sixth Legislature, p. 105, c. 70. The act in full, including the caption and emergency clause, is as follows:

"An act to amend article 4471, of chapter 8, title 94, of the Revised Civil Statutes of the state of Texas, of 1895, so as to permit railroads and other corporations having the right of eminent domain to enter upon and take possession of property sought to be condemned, pending litigation, upon the payment or security of the award of the commissioners appointed to appraise, and costs; and the deposit of money sufficient to cover additional damages that may be adjudged, and the giving of a bond for future costs; and to repeal all laws in conflict herewith.

"Section 1. Be it enacted by the Legislature of the state of Texas: That article 4471, of chapter 8, title 94, of the Revised Statutes of the state of Texas, of 1895, be and the same is hereby amended so as to hereafter read, as follows:

"Article 4471. In no case shall such corporation be entitled to enter upon and take the property condemned without first having paid whatever amount of damages and costs may have been awarded or adjudged against it by such commissioners, or deposited money to cover the same in the court wherein condemnation proceedings are pending. But if the plaintiff in the condemnation proceedings should desire to enter upon and take possession of the property sought to be condemned pending litigation, it may do so at any time after the award of the commissioners, upon the following conditions, to wit:

"First. It shall pay to the defendant the amount of damages awarded or adjudged against it by the commissioners, or deposit the same in money in court, subject to the order of the defendant; and also pay the costs awarded against it.

"Second. In addition thereto, it shall deposit in said court a further sum of money equal to the amount of the damages awarded by the commissioners, and which shall be held, together with the award itself (should it be deposited in court instead of being paid), exclusively to secure all damages that may be awarded or adjudged against the plaintiff; and it shall execute a bond with two or more good and solvent sureties, to be approved by the judge of the court in which such condemnation proceedings are pending, conditioned for the payment of any further costs that may be adjudged against it, either in the court below or upon appeal.

"Third. Should it be determined on final decision of the case that the right to condemn the property in question does not exist, the plaintiff shall surrender possession thereof (if he had taken possession pending litigation) and the court shall so adjudge and order a writ of possession for the property in favor of the defendant, and the court may also inquire what damages, if any, have been suffered by the defendant by reason of the temporary possession of the plaintiff, and order the same paid out of the award or other money deposited; provided, that in any case where the award paid the defendant or appropriated by him exceeds the value of the property as determined by the final judgment, the court shall adjudge the excess to be returned to the plaintiff.

"If the cause should be appealed from the decision of the county court the appeal shall be governed by the same law as in other cases, except the judgment of the county court shall not be suspended thereby. The rules hereinbefore laid down for governing railroad corporations shall likewise apply to all persons and corporations having the right of eminent domain.

"Sec. 2. That all laws and parts of laws in conflict herewith be and the same are hereby repealed.

"Sec. 3. The fact that great enterprises are

necessarily delayed and hindered in their right to enter upon and take possession of property by the present condition of our law, creates an emergency and an imperative public necessity requiring the suspension of the constitutional rule requiring bills to be read on three several days in each house, and said rule is so suspended, and that this act go in force and take effect from and after its passage, and it is so enacted."

If the first sentence in the last paragraph of section 1 of this act be considered without any regard being paid to the remainder of the act, and the last clause of that sentence be given its literal meaning, appellee's construction of the act must be adopted, but to so construe and interpret the act would violate well-established fundamental rules for the construction of statutes.

The main purpose of the act, as shown by its caption, repeatedly expressed in the body of the act and reiterated in the emergency clause, was to permit corporations having the right of eminent domain to take possession of property sought to be condemned pending litigation, and a final decision of the right of the corporation to subject the property to public use, and to give the clause before mentioned the literal interpretation contended for by appellee would defeat the manifest purpose and intent of the act. The right is expressly given the corporation seeking to condemn to enter upon and take possession of the property "pending litigation," and the right of the landowner to his writ of restitution, if the corporation has taken possession of the property pending litigation, only accrues when upon a "final decision of the case" it is determined that the right to condemn the property does not exist.

We think it clear that the term "pending litigation" as used in this act means while or as long as the litigation of the right to condemn continues and the term "final decision of the case" means the determination of the litigation in the court of last resort to which it may be carried. Of course, if no appeal is taken from the judgment of the county court, that judgment becomes the "final decision of the case," but if the cause is appealed the judgment of the county court, though a final judgment in the sense that it is a complete and final disposition by that court of all the issues in the suit as distinguished from an interlocutory or incomplete judgment by which the court does not undertake to dispose of the entire litigation before it, is not a "final decision of the case." The plain intent and purpose of the act being to give the corporation the right to the possession of the property pending a "final decision of the case" by compliance with the provision of the act requiring the deposit of double the amount of the award, the payment of the costs, and the giving of a bond to secure the owner against any damage he may suffer by being deprived of the possession of his property "pending litigation,"

the clause of the act which provides that in case of an appeal "the judgment of the county court should not be suspended thereby" should not be given a construction that would defeat this plain intent and purpose.

If appellee's contention that the clause inhibiting the suspension of the judgment by appeal should be interpreted literally is adopted, then a judgment for damages in a condemnation suit cannot be suspended by appeal, and however excessive such judgment might be it could be enforced against the appealing corporation, and unless the landowner was solvent a reversal of the judgment on appeal would give the corporation no relief. Such result is so incongruous and out of harmony with our entire system of judicial procedure that a construction of the statute which could bring it about should not be adopted unless the intent of the Legislature to so enact is clear. We cannot bring ourselves to believe that this was the intention of the Legislature in the passage of this act.

We think the proper interpretation of this clause is that it was inserted in reaffirmation of the right expressly given the corporation in other portions of the act to take and hold possession of the property pending the litigation, and that it should be construed to mean only that the appeal of the case by the landowner, if the judgment of the county court should be against him would not suspend the judgment giving the corporation the right to the possession of the land pending the final decision of the case. This construction harmonizes and gives effect to all portions of the act and is not only permissible, but, we think, required by the well-established fundamental rules governing construction of statutes. The rule of construction that the intention of the Legislature, gathered from the act as a whole, must prevail against a literal interpretation of the language used in any segregated portion of the act is so fundamental that it is hardly necessary to cite authorities in its support.

In Forshey v. Railroad Co., 16 Tex. 528, our Supreme Court, speaking through Justice Wheeler, says: "In interpreting a statute it is not in general a true line of construction to decide according to the strict letter of the act; but the courts will rather consider what is its fair meaning and will expound it differently from the letter in order to preserve the intent."

In Runnels v. Belden, 51 Tex. 48, Justice Moore says: "It is unquestionably a fundamental cannon of construction that such interpretation shall be given to acts of the Legislature as will effectuate the intent and purpose of the lawmakers in their enactment, when the intent of the law is plain and obvious, rather than to follow its import or mere grammatical construction."

If courts should adopt the contrary rule and always give to the language used in statutes its literal meaning without regard to

the plain intent and purpose of the Legislature in the passage of the act as shown by the act itself, the effect of such rule would be a usurpation by the courts of legislative power, and laws which the Legislature never intended to be made would be promulgated. This is forcibly expressed by Justice Moore in the case of Russell v. Farquhar, 55 Tex. 359: "If courts were in all cases to be controlled in their construction of statutes by the mere literal meaning of the words in which they are couched, it might well be admitted that appellants' objection to the evidence was well taken. But such is not the case. To be thus controlled, as has often been held, would be for the courts in a blind effort to refrain from an interference with legislative authority by their failure to apply well-established rules of construction to, in fact, abrogate their own power and usurp that of the Legislature, and cause the law to be held directly the contrary of that which the Legislature had in fact intended to enact. While it is for the Legislature to make the law, it is the duty of the courts to 'try out the right intendment' of statutes upon which they are called to pass, and by their proper construction to ascertain and enforce them according to their true intent. For it is this which constitutes and is in fact the law, and not the mere verbiage used by inadvertence or otherwise by the Legislature to express its intent, and to follow which would pervert that intent."

This rule of construction has been recognized and followed by our courts in numerous cases among which we cite the following: Wheeler v. Wheeler, 76 Tex. 490, 13 S. W. 305; Edwards v. Morton, 92 Tex. 152, 46 S. W. 792; Ellis County v. Thompson, 95 Tex. 32, 64 S. W. 927, 66 S. W. 48; City of Houston v. Dooley, 40 Tex. Civ. App. 371, 89 S. W. 777.

We are of opinion that the motion to dissolve the injunction should be overruled and it has been so ordered.