HOUSTON BELT & TERMINAL RAILWAY COMPANY v. JACOB HORNBERGER.

No. 2307.    Decided June 11, 1913.

1.—Statutory Construction.

The intention of the Legislature, gathered from the Act as a whole, must prevail against a literal interpretation of the language used in any segregated portion of the Act.

2.—Same—Railway—Condemnation—Possession—Appeal—Supersedeas.

The obvious intention of the Act of April 15, 1899, amending article 4471, Rev. Stats., 1895 (art. 6530, Rev. Stats., 1911), being to secure to corporations seeking condemnation of land the right, upon the terms there provided, to have possession of same pending the litigation and until its final decision, the language in paragraph 3, that, in case of an appeal from the decision of the County Court, its judgment "shall not be suspended thereby" is to be taken as referring only to appeals by the owner resisting the condemnation.

3.—Same—Case Stated.

A terminal railway, in proceedings for condemnation of a right of way and on award of damages by the commissioners, complied with the requirements of article 4471, Rev. Stats., 1895 (art. 6530, Rev. Stats., 1911), giving it a right to possession pending the litigation. On appeal to the County Court it was held not entitled to condemn, and from this judgment it appealed and gave supersedeas bond. Held, that the judgment of the County Court was suspended by the supersedeas, and the owner of the land was not entitled to writ of possession while the appeal was pending.

4.—Jurisdiction on Appeal—Injunction to Preserve Status.

The appellate court, under the power given it to issue writs necessary to enforce its jurisdiction, may restrain, pending its determination of the appeal, the execution of writ of possession on a judgment appealed from with supersedeas.

Questions certified from the Court of Civil Appeals, First District, in an appeal from Harris County.

*Andrews, Ball & Streetman, A. L. Jackson,* and *C. K. Burns,* for appellant.

*Campbell & Sewall,* for appellee.

MR. JUSTICE HAWKINS delivered the opinion of the court.

The Court of Civil Appeals for the First Supreme Judicial District has certified for our decision two questions which, with its statement of the case, are as follows:

"Appellant, a terminal railway company organized and chartered under the laws of this State and claiming as such the right of eminent domain, filed its application and statement with the county judge of Harris County, in accordance with the provisions of the statute, seeking to condemn for right of way purposes a strip of land 96.4 feet in width by 1442 feet in length over and upon a tract of 75 acres of land near the City of Houston, in Harris County, Texas, belonging to appellee, Hornberger. Commissioners were appointed as required by the statute and the appellee being cited appeared and filed answer. Upon a hearing before said commissioners both parties introduced evidence of the value of the land sought to be condemned and of the damages to the remainder of the land of appellee. After hearing and considering the evidence the commissioners, on July 2, 1910, found that the value of the land sought to be condemned and the consequential damages to the remainder of appellee's tract amounted to $1600, and made, signed and filed their findings in writing to that effect. On July 7, 1910, appellee filed his written objections and opposition to the award of the commissioners and gave notice of appeal to the County Court of Harris County. Thereupon appellant tendered to the appellee the sum of $1600, the amount of said award, and upon his refusal to accept same deposited said amount with the clerk of the County Court of Harris County subject to appellee's order, and at the same time paid the cost adjudged against it, made the additional deposit and executed the bond required by the statute to entitle it to take possession of said right of way. After fully complying with the statute, as aforesaid, appellant took possession of the strip of land sought to be condemned by it and constructed thereon its roadbed and track for permanent use in connection with the remainder of its track.

"Upon the trial of appellee's appeal in the County Court of Harris County, after rendering a judgment on April 3, 1911, on the verdict of a jury in favor of plaintiff for condemnation of the right of way, and in favor of defendant for damages in the sum of $7392.50, the court, on April 10, 1911, sustained a motion by defendant in arrest of judgment and entered a final judgment vacating the former judgment rendered on April 3rd, and denying appellant's right to condemn appellee's property, on the ground that appellant is not a common carrier and not subject to regulation by the Railroad Commission of the State of Texas, and therefore the statute giving it the right of eminent domain is unconstitutional. This judgment further decrees that appellee have a writ of possession for the right of way over his land now in the possession of appellant. From this judgment appellant, having excepted thereto in open court and given notice of appeal, perfected its appeal

to this court by filing in due time a supersedeas bond in an amount more than double the value of the property, the damages claimed by appellee, and the probable cost, and conditioned as prescribed by articles 1404 and 1405 of the Revised Statutes.

"Thereafter, on application to this court by appellant, it was made to appear that notwithstanding said appeal and the filing of said supersedeas bond by appellant, appellee had procured, or was about to procure, the issuance of a writ of possession by the county clerk of Harris County and to proceed thereunder to oust appellant from the possession of said right of way pending the decision of the appeal to this court. Upon this showing we ordered the issuance of a writ of injunction restraining appellee from executing the judgment of the court below pending the final decision of the appeal.

"This writ having been issued and served, appellee in due time filed and presented a motion to dissolve the injunction on the ground that this court was without authority to grant such writ, because it was not necessary to enforce the jurisdiction of the court, and because the statute authorizing the filing of a supersedeas bond on appeal does not apply to condemnation proceedings when the right to condemn is denied by the judgment of the trial court, but that on the contrary the Act of the Twenty-sixth Legislature, Chapter LXX, page 105, amending article 4471 of the Revised Statutes, expressly provides that an appeal shall not suspend the judgment of the County Court in such case.

"We overruled the motion to dissolve, but a motion for rehearing is now pending, and because of the importance of the question involved and the fact that our decision is probably final, we think it best to certify the questions for your determination.

"Upon the foregoing statement we respectfully ask:

"First. Does the statute above mentioned deny appellant the right to suspend the judgment of the County Court awarding appellee his writ of possession, by appealing therefrom?

"Second. Did this court have jurisdiction to grant the writ of injunction?"

We answer the first certified question negatively and the second affirmatively, for the reasons and upon the grounds set forth in the lucid and able opinion of the Court of Civil Appeals in this cause, written by Chief Justice Pleasants, reported in 141 S. W., 311, which we approve.