**BENAVIDES et ux. v. THOMAS, Sheriff, et al.
(No. 75651.)**

(Court of Civil Appeals of Texas, Galveston.
June 30, 1920.)

Courts ⬅207(3)—After jurisdiction of appeal has ceased, court without power to issue injunction.

While a sale of property under court process for a greater sum than this court has since held it chargeable with, as against one of defendants, may have been rendered void, that fact alone could not confer jurisdiction to stay execution, where the cause reached appellate court about a month after sale on a mere cost bond, which does not, under Rev. St. 1911, art. 2100, stay the execution, and which appeal has been disposed of and a rehearing denied.

Action between Joe Benavides and wife and Henry Thomas, Sheriff, and others. On application of Joe Benavides and wife for injunction. Application dismissed.

Stewarts, A. J. DeLange, and P. A. Drouilhet, all of Galveston, for applicants.

James B. & Charles J. Stubbs, of Galveston, for respondents.

GRAVES, J. Concluding that it is without the necessary jurisdiction to grant the injunction herein prayed for, the restraining order, entered on June 1, 1920, by this court pending a hearing on the matter, is vacated, and the application is dismissed.

It may be, as the applicants contend, that the sale of the property involved against them both on October 7, 1919, under process from the district court, for a greater sum than this court has since held it to have been chargeable with as against Perfine Benavides, has been rendered void, but, if so, that fact alone would not confer jurisdiction here to now stay the execution of the trial court's judgment; the cause did not reach this court at all until the 4th day of November, 1919, nearly a month after the sale complained of had taken place, and then only upon a mere cost bond. By the express provisions of article 2100 of the Revised Statutes that bond did not have the effect of suspending the lower court's judgment, but left execution to issue thereon as if no appeal had been taken. That appeal, while never in the manner so presented involving either the title to the property or control over the carrying out of the judgment below, has been disposed of by this court, and a rehearing thereof has been refused. There is accordingly no jurisdiction left in this court to be enforced, and its only source of authority for the granting of injunctions is therefore wanting. Railway Co. v. Hornberger, 141 S. W. (1) at page 312, and Id., 106 Tex. 104, 157 S. W. 744.

Application dismissed.