## R. M. REEVES ET AL. V. THE STATE.

No. 11436.   Delivered March 21, 1928.

**1.—Forfeiture of Appearance Bonds—Jurisdiction of Trial Court—Over Its Judgments—Rule Stated.**

Where the Criminal District Court of Dallas County entered an order at the July term, 1927, of said court, making a nisi judgment on the forfeiture of an appearance bond final, to which action the sureties on the bond filed exceptions and gave notice of appeal to this court, and filed their supersedeas bond, and thereafter at the same term of said court an order

was entered setting aside both the nisi judgment and the final judgment entered at the July term, there was no error in this procedure.

### 2.—Same—Continued.

That a court has full power over its orders or judgments during the term in which they are made, was the rule at common law, and is the rule prevailing in all jurisdictions. See 34 Corpus Juris, p. 207.

### 3.—Same—Continued.

In the case of Bankston v. State, 80 Tex. Crim. Rep. 629, this court, through Judge Davidson, said: "That he had the right to entertain jurisdiction during the term of court is not debatable. Under the general power confided to the District Court, if the judge entertains jurisdiction after notice of appeal, and decides adversely to his former ruling, the writer is of the opinion that, whether the notice of appeal has been specially set aside or not, the action of the trial court in reassuming jurisdiction is a setting aside of the notice of appeal. If the court has the control of its judgments during the term, and subsequently sets aside a former ruling or decree, and grants a new trial, there is nothing from which to appeal. Also see Bundick v. State, 59 Tex. Crim. Rep. 9, and other cases cited.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippin, Judge.

Appeal from an order setting aside a final judgment on a bond forfeiture. Dismissed.

The opinion states the case.

*J. D. Kugle* and *W. B. Harrell* of Dallas, for appellants.

*A. A. Dawson*, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant, R. M. Reeves, was charged by indictment with a felony. On the 6th day of June, 1927, he made and filed in court an appearance bond in the sum of $2,000 with appellants, Fred W. Cathey and Walter Barnes as sureties. On the 22nd day of June, 1927, the case against said Reeves was called for trial and he having failed to appear, the court entered a judgment *nisi* on said date against him and his sureties on said appearance bond in the sum of $1,000. At the next succeeding term of court, on the 20th day of July, 1927, the court entered an order making the *nisi* judgment final, which judgment was for the sum of $2,000. On the 22nd day of July, 1927, the sureties on the said appearance bond filed exceptions to the said judgment and gave notice of appeal to this court and on the 28th day of July, 1927, filed their supersedeas appeal bond. On the 25th day of July, 1927, the court directed the clerk to change the *nisi* judgment so as to make same read $2,000 instead of reading as it then did, $1,000. On the 17th day of September, 1927, an order was entered setting aside both the *nisi* judgment entered at the June term of court and

also the final judgment rendered thereon July 20, 1927.   Both the final judgment and the order vacating same were made at the same term of court.

Many questions are presented on this appeal but we deem it necessary to consider only the question of the jurisdiction of this court to entertain the appeal under the facts above set forth.   The legal question presented is whether or not the District Court may vacate and set aside a final judgment during the term at which it is rendered, but after notice of appeal and the filing of a supersedeas bond.   In other words, does the giving of notice of appeal and the filing of a supersedeas appeal bond transfer the jurisdiction to this court so as to deprive the District Court of jurisdiction to enter any' order with respect to judgments entered at the same term of court?   That a District Court loses control of its judgments and decrees after the term ends is the statement of a rule, we think, that is universally recognized, unless expressly authorized by statute or under facts bringing into existence its equity jurisdiction.   That a court has full power, however, over its orders or judgments during the term in which they are made was the rule at common law and is the rule prevailing in practically all jurisdictions.   34 Corpus Juris, p. 207.

Addressing himself to the question now under discussion, Judge Davidson, in the case of Bankston v. State, 80 Tex. Crim. Rep. 629, uses the following language:

"That he had the right to entertain jurisdiction during the term of court is not debatable.   Under the general power confided to the District Court, if the judge entertains jurisdiction after notice of appeal and decides adversely to his former ruling, the writer is of the opinion that whether the notice of appeal has been specifically set aside or not, the action of the trial court in reassuming jurisdiction is a setting aside of the notice of appeal. * * * If the court has the control of its judgments during the term and subsequently sets aside a former ruling or decree and grants the new trial, there is nothing from which to appeal."

The Bankston case cites the case of Bundick v. State, 59 Tex. Crim. Rep. 9, in which we find the following language:

"We therefore hold that though the motion for new trial had been overruled and notice of appeal given, that the case could not be considered as pending in the Court of Criminal Appeals as long as the term was in session and that the court had jurisdiction over its proceedings until the expiration of the term with a qualification, however, that if the transcript had been

taken out during the term and filed in this court, then the court below could not take any action in the matter so as to affect the appeal."

No transcript had been filed in this case when the order was entered vacating the final judgment of forfeiture.

As further supporting these views, see the case of Hanks v. State, 99 Tex. Crim. Rep. 228; Bottom v. State, 105 Tex. Crim. Rep. 77.

The rule seems to be the same in civil cases, even though notice of appeal had been given and supersedeas appeal bond filed. Blum v. Wettermark, 58 Texas, 125; Garza v. Baker, 58 Texas, 483; H. B. & T. Ry. Co. v. Hornberger, 141 S. W. 311.

The appellants got by the order of the court the same precise results which they could have gotten by an appeal to this court. Under the terms of Art. 847 and Art. 848, C. C. P., this court could only have reversed and remanded the case for another trial. The legislature has not seem fit to clothe this court with the authority to render here the judgment which should have been rendered in the lower court. We do not agree with appellants' view that the effect of the order of the court vacating its former judgment was to grant to the state a new trial, which is inhibited by Art. 752, C. C. P., and which is held to apply to bond forfeitures. Robertson et al. v. State, 14 Tex. Crim. App. 211.

While in the criminal cases cited by us, supra, the judgments were vacated at the instance of defendants, the same might be said to be true in this case since the court did not enter any order vacating its former judgment until after appellants had filed exceptions to the judgment and given notice of appeal. We know of no reason why the trial court should not give to appellant during the term at which such was rendered the same relief from an erroneous judgment which he was then seeking at the hands of this court.

Believing, therefore, that this court is without jurisdiction to entertain appellants' appeal, the same is ordered dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.