**HOUSTON LIGHTING & POWER COMPANY, Relator-Appellant,**

v.

**The Honorable Ed LANDRY, Judge of the County Civil Court at Law No. 1 of Harris County, Respondent,**

**and**

**Klein Independent School District, Real Party In Interest-Appellee.**

**No. B14–86–002–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 27, 1986.

Walter E. Workman, Houston, for relator-appellant.

H. Dixon Montague, H. Ronald Welsh, Fred M. Lange, Houston, for respondent.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

### ORIGINAL PROCEEDING IN MANDAMUS

PAUL PRESSLER, Justice.

In 1981 Houston Lighting & Power Company (HL&P) filed a condemnation action on a one-hundred-foot-wide strip of land through property owned by the Klein Independent School District (Klein) to be used for construction of a transmission line. Klein objected to the condemnation alleging that HL & P abused its discretion by locating the transmission line on this property.

At trial in November 1985, Klein presented evidence that the magnetic and electric fields emitted from the transmission lines possibly increased the risk of cancer to the school children. The jury returned a verdict against HL & P. The final judgment found that the condemnation was void, the School District was entitled to a writ of possession and mandatory injunction, and HL & P should pay actual damages, punitive damages, and all costs of court. After the judgment was entered, the trial court partially superseded the order of possession and the mandatory injunction by allowing HL & P to stay in possession of the School District's property pending appeal and to operate its transmission line facility only during times of emergency under certain conditions.

HL & P petitions this court for a writ of mandamus to supersede the injunction pending appeal. It also complains of the insufficiency of the bond set by the trial court and paid by Klein.

■ The primary question is whether the trial court had discretion to allow HL & P to supersede the injunction. To overturn the injunction, we must find that the court below did not have discretion to deny supersedeas. *See Pat Walker & Company, Inc. v. Johnson,* 623 S.W.2d 306 (Tex.1981); *State v. Walker,* 679 S.W.2d 484 (Tex. 1984); *Johnson v. The Honorable Fourth Court of Appeals,* 700 S.W.2d 916 (Tex. 1985).

The Tex.Prop.Code Ann. § 21.021 (Vernon 1984) states:

(a) After the special commissioners have made an award in a condemnation proceeding... the condemnor may take possession of the condemned property *pend-*

*ing the results of further litigation ...* (emphasis added).

HL & P claims that this provision gives it an absolute right to possession and use of the condemned land pending the result of the appeal.

In *Houston, B. & T. Ry Co. v. Hornberger,* 141 S.W. 311 (Tex.Civ.App.—Galveston 1911), approved 106 Tex. 104, 157 S.W. 744 (1913), B. & T. Railroad Co. condemned a right-of-way across Hornberger's land. Hornberger objected to the commissioner's award of $1,600. B. & T. tendered the money and executed the bond required by the statute to entitle it to take possession of the right-of-way. B. & T. then constructed a roadbed and track for permanent use. Hornberger appealed the decision of the commissioners and the court vacated the former judgment and denied B. & T.'s right to condemn the strip of land. The judgment further gave Hornberger a writ of possession of the right-of-way. B. & T. appealed and filed a supersedeas bond. Hornberger then sought a writ of possession to oust B. & T. from the right-of-way. The Court of Appeals issued a writ of injunction allowing B. & T. to possess and use the land pending disposition of the appeals.

In construing the predecessor of Section 21.021, the court held that its main purpose was to permit entities having the right of eminent domain to possess condemned property and *subject it to public use.* In defining terms, the court held:

█ The terms "pending litigation" as used in this
> act means while or as long as the litigation of the right to condemn continues and the term "final decision of the case" means the determination of the litigation in the court of last resort to which it may be carried. *Hornberger* at 314.

This language in *Hornberger* gives HL & P the right, as a matter of law, to possess and use the easement pending the determination of the case in the court of last resort.

TEX.PROP.CODE ANN. § 21.063(b) states:
> (b) A court hearing an appeal from the decision of a trial court in a condemnation proceeding may not suspend the judgment of the trial court pending appeal.

The court in *Hornberger* held that the predecessor to our present § 21.063 should be construed to mean that if the judgment of the county court was against a landowner who then appealed, that appeal would not suspend the judgment giving the condemnor the right to the possession of the land pending final disposition of the case.

█ Since the amount of a bond is discretionary, and there is sufficient evidence to show that Klein could not pay a larger one, the amount of the bond set by the court and paid by Klein will not be altered.

Although the members of this Court are very concerned with the health and welfare of the children of our community, we must follow the law that has been established. The *Hornberger* decision requires us to hold that HL & P has the right, as a matter of law, to possess the right-of-way and subject it to public use while the appeal is pending. Therefore, we direct the respondent unconditionally to permit supersedeas of the injunction pending final appeal.