**KLEIN INDEPENDENT SCHOOL DISTRICT, Relator,**

v.

**FOURTEENTH COURT OF APPEALS, et al., Respondent.**

No. C–5064.

Supreme Court of Texas.

Nov. 26, 1986.

H. Dixon Montague, Ewing Werlein, Jr., Vinson & Elkins, Houston, for Montague and Werlein, Jr.

Walter Workman, Baker & Botts, Houston, for Workman.

Fred M. Lange, Jr., Fulbright & Jaworski, Houston, for Lange.

Larry York, Tony Rosenstein, Baker & Botts, Austin, for York and Rosenstein.

F. Russell Kendall, Marie R. Yeates, Houston, for Kendall.

OPINION

ROBERTSON, Justice.

This mandamus proceeding arises out of a condemnation action brought by Houston Lighting & Power Company against Klein Independent School District. The trial court rendered judgment in favor of the school district; the judgment included a permanent injunction forbidding HL & P from running electricity through transmission lines the utility had constructed across a school campus. After the trial court refused to permit HL & P to supersede the injunctive portion of the judgment, HL & P successfully sought mandamus relief from the Fourteenth Court of Appeals. 709 S.W.2d 693. The sole issue before this court is whether the trial court abused its discretion in refusing to allow HL & P to supersede the injunctive portion of its judgment. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex. 1985). Because we hold that the trial court did not abuse its discretion, we conditionally grant the writ of mandamus against the court of appeals.

HL & P condemned an easement across a school campus to use for high voltage transmission lines. The school district appealed. At trial, the school district presented evidence concerning the health effects of prolonged exposure to electric and magnetic fields emitted by high voltage lines. Based on a jury verdict, the trial court rendered a judgment in favor of the school district that included actual damages, punitive damages, and an injunction requiring HL & P to cease using the lines and to remove the transmission line facilities from the property.

HL & P sought to supersede the entire judgment pending appeal. The trial court

permitted HL & P to supersede the monetary portion of the judgment, but refused to permit HL & P to entirely supersede the injunctive portion of the judgment. HL & P was permitted to maintain its facilities in place pending appeal but was permitted to transmit electricity through the lines only if there were no regularly scheduled school or other public activities occurring on the property and even then only in an emergency.

The court of appeals granted HL & P's petition for writ of mandamus. Relying on *Houston B. & T. Ry. Co. v. Hornberger*, 141 S.W. 311 (Tex.Civ.App.—Galveston 1911), *approved* 106 Tex. 104, 157 S.W. 744 (1913), the court of appeals held that HL & P had an absolute right to possession and use of the condemned premises pending resolution of all appeals. 709 S.W.2d at 695. *Hornberger*, however, turned primarily upon the fact that the condemnor therein, a railway company, had satisfied all of the then-existing requirements for obtaining supersedeas of a trial court judgment in a condemnation case. *See* 141 S.W. at 312. It did not give the condemnor an absolute substantive right to supersedeas *regardless* of the supersedeas rules.

By order of this court, effective April 1, 1984, a new rule was adopted giving a trial court discretion to decline to permit supersedeas of a judgment, or a portion thereof, which grants an injunction. TEX.R.APP.P. 47(f) provides as follows:

> (f) *Other Judgment.* When the judgment is for other than money or property or foreclosure, the bond or deposit shall be in such amount to be fixed by the said court below as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal, but the court may decline to permit the judgment to be suspended on filing by the plaintiff of a bond or deposit to be fixed by the court in such an amount as will secure the defendant in any loss or damage occasioned by any relief granted if it is determined on final disposition that such relief was improper.

This rule was intended to permit a trial court to deny supersedeas of an injunction, conditioned upon the setting of a bond sufficient to protect the appealing party's interests. *Hill v. Fourteenth Court of Appeals*, 695 S.W.2d 554, 555 (Tex.1985). In this case, the trial court properly exercised its discretion under Appellate Rule 47(f) in denying HL & P supersedeas of the injunctive portion of the judgment.

As an alternative position, HL & P asserts that Appellate Rule 47(f) is inapplicable because the judgment relates to "property" and therefore that Appellate Rule 47(c) controls. However, Appellate Rule 47(c) applies "when the judgment is for the *recovery* of land or other property." In this case, the disputed portion of the judgment does not involve the recovery of property; it only involves the injunction limiting HL & P's use of the electric transmission facilities. HL & P did not "recover" anything; and the school district cannot be said to have "recovered" its property because its title remained vested at all times. *Culligan Soft Water Service v. State*, 385 S.W.2d 613, 615 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.). Therefore, HL & P's entitlement to supersedeas is not controlled by subsection (c), but is instead controlled by subsection (f) which pertains to judgments "for other than money or property or foreclosure." *See also Pena v. Zardenetta*, 714 S.W.2d 72, 73 (Tex.App.—San Antonio 1986, orig. proceeding).

We conditionally grant the petition for writ of mandamus; the writ will issue only if the court of appeals fails to vacate its judgment.