

# NUMBER 13-11-00282-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

HEBLEN KANAN, PHARR PLANTATION,
INC., AND PHARR PLANTATION MANAGEMENT
CO., LTD.,                                                          Appellants,

v.

PLANTATION HOMEOWNER'S ASSOCIATION,
INC., ET AL.,                                                       Appellees.

## On appeal from the County Court at Law No. 1
## of Hidalgo County, Texas.

## MEMORANDUM OPINION ON ORDER

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion on Order by Chief Justice Valdez**

Appellants, Heblen Kanan, Pharr Plantation, Inc., and Pharr Plantation Management Co., Ltd., have appealed a judgment rendered on March 29, 2011, in trial court cause number CL-07-0468-A in the County Court at Law Number One of Hidalgo County, Texas. This cause is before the Court on appellants' motion to review an order

of the trial court (1) denying their motion to suspend judgment, (2) concluding that no supersedeas bond was required, and (3) ordering the opposing parties to post a security bond in the amount of $70,000. We affirm the order, in part, and reverse and remand, in part.[1]

## I. BACKGROUND

The underlying lawsuit involves a dispute over ownership and management of the Plantation South Subdivision in Hidalgo County, Texas. Pharr Plantation, Inc. ("Plantation"), as owner of the subdivision, and Pharr Plantation Management Co. ("Management"), as manager of the subdivision, brought a suit for declaratory relief against Pharr Plantation Homeowners Association, Inc. and individual property owners[2] (collectively "Homeowners") in the subdivision. Plantation alleged that it had sole authority and power to manage the subdivision through Management as opposed to the Homeowners. In their pleadings, Plantation and Management sought declaratory and injunctive relief, damages and exemplary damages, and to remove the cloud on title and to quiet title.

In response, Homeowners filed a counterclaim and a third party petition against Heblen Kanan. The Homeowners alleged that Plantation, Management, and Kanan breached their duty to manage the subdivision and collect assessments and brought suit against them for negligence, breach of fiduciary duty, breach of the duty of good

---

[1] The Court has previously denied a petition for writ of mandamus filed by appellants on these issues on grounds that these matters can be reviewed in this pending appeal. *See In re Pharr Plantation Mgmt. Co.*, No. 13-11-00548-CV, 2012 Tex. App. LEXIS 300, at **5–6 (Tex. App.—Corpus Christi Jan. 12, 2012, orig. proceeding) (per curiam mem. op.).

[2] Individuals involved in this lawsuit include D'Wayne De Ziel, Elaine De Ziel, Owen Bohnsack, Lee Albert, Maddy Mann, Fred Wiegand, Eva Maria Ellrich, George Rolando, Nathalie Watteau Vera, Rosie Reyna, Christine Cabrera, Paul Smith, Lila Reiser, George Johnston, Jim Woltz, Marjorie Nichols, Sandy Gonzalez, Peggy Boos, Norma Holiday, and David Coers.

2

faith and fair dealing, fraud, mismanagement, conversion, and for failing to enforce restrictive covenants and the subdivision's rules and regulations. They sought declaratory and injunctive relief and damages.

After a series of proceedings in the trial court, the parties purportedly reached an agreement to settle the foregoing matters. The parties thereafter disputed the terms of the agreement; however, the trial court entered judgment based on the agreement. Plantation, Management, and Kanan appealed the judgment. They filed a "Motion to Stay Judgment and Motion to Expedite Ruling Thereon" and requested this Court to "stay the execution and enforcement of [the] trial court's judgment pending the resolution [of] this appeal because the purported Rule 11 Agreement upon which the trial court [based] its judgment does not comply with the requirements of law and is unenforceable." According to the motion, appellants had filed a motion with the trial court requesting that it suspend enforcement of the settlement agreement and judgment, but the trial court had not ruled on that motion.

On June 23, 2011, we granted appellants' "Motion to Stay Judgment and Motion to Expedite Ruling Thereon," pending further order of this Court, and we abated and remanded this matter to the trial court for hearing and proceedings pursuant to Texas Rule of Appellate Procedure 24. *See* TEX. R. APP. P. 24.4(c). We directed the trial court to hold a hearing on the issues presented pertinent to Rule 24; we directed the trial court's ruling and any findings and conclusions to be filed with this Court in the form of a supplemental clerk's record; and we directed appellants to file a reporter's record of the hearing on remand. We directed that the supplemental clerk's record, reporter's record, and appellants' motion pertaining to these issues were due in this Court within thirty

3

days and appellees' response thereto was due within fifteen days thereafter. We indicated that this appeal would be reinstated upon further order of the Court.

On July 29, 2011, we received appellants' unopposed "Motion for Leave to File (1) Reporter's Record and (2) Appellants' Motion for Review of Trial Court's Ruling Denying Appellants from Superseding Judgment." On August 2, 2011, and August 4, 2011, the reporter's records from the hearing on remand were filed. On January 11, 2012, the supplemental clerk's record was filed.

Accordingly, we REINSTATE the appeal. We GRANT in part and DENY in part appellants' "Motion for Leave to File (1) Reporter's Record and (2) Appellants' Motion for Review of Trial Court's Ruling Denying Appellants from Superseding Judgment." The motion is DENIED insofar as it seeks to file an uncertified copy of the reporter's record. The motion is GRANTED insofar as it seeks leave to file its motion for review and requests review of the order issued on remand.

We now turn to our review of the proceedings on remand. After a hearing, the trial court issued an order on July 6, 2011, denying appellants' motion to suspend judgment, concluding that no supersedeas bond was required, and ordering appellees to post a security bond in the amount of $70,000. *See* TEX. R. APP. P. 24.2(a)(3). Although appellants have furnished the Court with additional briefing regarding the propriety of the trial court's ruling, the appellees have not.[3]

## II. STANDARD OF REVIEW

---

[3] On January 18, 2012, appellants filed a "Notice of Filing" in which they clarify that they filed their substantive briefing as an attachment to their "Motion for Leave to File (1) Reporter's Record and (2) Appellants' Motion for Review of Trial Court's Ruling Denying Appellants from Superseding Judgment," which was filed in advance of the supplemental clerk's record and reporter's record concerning these matters.

4

A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). Texas Rule of Appellate Procedure 24.4 authorizes an appellate court to engage in a limited supersedeas review. *See* TEX. R. APP. P. 24.4. On any party's motion, we may review: (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion in ordering the amount and type of security. *See id.* R. 24.4(a). We may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial court clerk. *See id.* R. 24.4(d). We may also require other changes in the trial court order and remand for entry of findings of fact or for the taking of evidence*. Id.*

We review trial court rulings pursuant to Texas Rule of Appellate Procedure 24.4 under an abuse of discretion standard. *See EnviroPower, L.L.C. v. Bear, Stearns & Co.*, 265 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *Ramco Oil & Gas Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2005, order); *TransAmerican Natural Gas Corp. v. Finkelstein*, 905 S.W.2d 412, 414 (Tex. App.—San Antonio 1995, writ dism'd). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011) (citing *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997); *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996)). The trial court has no discretion in determining what the law is or applying the law to the facts;

5

therefore, a clear failure to analyze or apply the law correctly is an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding); *see In re B.T.*, 323 S.W.3d 158, 160 (Tex. 2010) (orig. proceeding); *see also Shook v. Walden*, 304 S.W.3d 910, 916 (Tex. App.—Austin 2010, no pet.) (stating that where the trial court's determination regarding the amount of security turns on a question of fact, the determination is reviewed for abuse of discretion, and where the determination turns on a question of law, the determination is reviewed de novo).

### III. SUSPENSION OF ENFORCEMENT

Unless the law or the rules of appellate procedure provide otherwise, a judgment may be superseded and enforcement of the judgment suspended pending appeal. TEX. R. APP. P. 24.1(a). Supersedeas preserves the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken. *Smith v. Tex. Farmers Ins. Co.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied).

Texas Rule of Appellate Procedure 24.1 sets out the requirements for suspending enforcement of a judgment pending appeal in civil cases. TEX. R. APP. P. 24.1. A judgment debtor may supersede the judgment by, inter alia, filing with the trial court a good and sufficient bond. *See id.* R. 24.1(a)(2). A supersedeas bond must be in the amount required by Rule 24.2 of the Texas Rules of Appellate Procedure. *See id.* R. 24.1(b)(1)(A).

Under Rule 24.2, the amount of the bond depends on the type of judgment. *Id.* R. 24.2(a). When the judgment is for the recovery of money, the amount of the bond must equal the sum of compensatory damages awarded in the judgment, interest for the

6

estimated duration of the appeal, and costs awarded in the judgment. *Id.* R. 24.2(a)(1); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a), (b) (West 2010).

When the judgment is for the recovery of an interest in real or personal property, the trial court will determine the type of security that the judgment debtor must post. TEX. R. APP. P. 24.2(a)(2). The amount of the security must be at least the value of the real property's rent or revenue or the value of the personal property interest on the date of judgment. *See id.*

When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post. *Id.* R. 24.2(a)(3). However, when the judgment is for something other than money or an interest in property, the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if the appellate court reverses. *Id.*; *see Klein Indep. Sch. Dist. v. Fourteenth Court of Appeals*, 720 S.W.2d 87, 88 (Tex. 1986) (holding that the trial court did not abuse its discretion in refusing to permit a party to supersede the injunctive portion of a judgment). Nevertheless, a trial court's discretion under Rule 24.2(a)(3) does not extend to denying a party its appeal. *See In re Dallas Area Rapid Transit*, 967 S.W.2d 358, 360 (Tex. 1998) (original proceeding).

## IV. ANALYSIS

We begin our analysis regarding supersedeas by reference to the judgment rendered by the trial court. The judgment at issue in this case provides, in pertinent part:

7

It is hereby ORDERED that the Plantation Homeowners Association, Inc., take over control of the common areas and collecting the assessments and the expenditures effective as of March 1, 2011. It is further, ORDERED that Plaintiffs/Counter-Defendants/Third Party Defendant PHARR PLANTATION MANAGMENT CO., LTD. PHARR PLANTATION, INC., AND HEBLEN KANAN hand over all funds, records and documents concerning the assessments and expenditures INSTANTER.

It is, further, ORDERED that Plaintiffs/Counter-Defendants/Third Party Defendant PHARR PLANTATION MANAGMENT CO., LTD, PHARR PLANTATION, INC., AND HEBLEN KANAN not take any funds from the assessments to pay debts that they claim are owed to them.

It is, further, ORDERED that title to the Rec Hall and Ballrooms is hereby transferred, conveyed, and vested into the Plantation Homeowners Association, Inc. It is, further, ORDERED that the record owner of the Rec Hall and Ballrooms whether it be PHARR PLANTATION MANAGMENT CO., LTD., PHARR PLANTATION, INC., AND/OR HEBLEN KANAN execute a warranty deed transferring the Rec Hall and Ballrooms to the Plantation Homeowners Association, Inc., with a reservation for Heblen Kanan or Pharr Plantation, Inc. to use the Ballrooms on Friday and Saturday nights for three (3) years beginning March 1, 2011, and ending February 28, 2014.

It is, further, ORDERED that the office on the right side as you go into the Ballroom/Rec Hall is the office HEBLEN KANAN OR PHARR PLANTATION, INC. will be able to use during the three (3) years to manage the Ballroom rentals that he obtains.

It is, further, ORDERED that HEBLEN KANAN/PHARR PLANTATION, INC. AND/OR PHARR PLANTATION MANAGMENT CO., LTD pay their prorated share of expenses and utilities for the use of the office and ballrooms.

It is, further, ORDERED, that the Ballroom furniture is the property of HEBLEN KANAN/PHARR PLANTATION, INC. AND/OR PHARR PLANTATION MANAGMENT CO., LTD.

It is, further, ORDERED, that any equipment, computers, telephone systems, and security system that are on the property/common areas shall remain on the property and are owned by the Plantation Homeowners Association, Inc.

It is, further, ORDERED that an Election of all officers and directors for the Plantation Homeowners Association, Inc., will take place in December of

8

2011. It is, further, ORDERED that at the election, Heblen Kanan nor any of his entities will not have a vote at the election.

It is, further, ORDERED that all employees of the Pharr Plantation Management Company, Ltd., be terminated INSTANTER.

It is, further, ORDERED that seven (7) lots specified by Heblen Kanan where he or his relatives reside pay assessments beginning September 1, 2012.

It is, further, ORDERED that PHARR PLANTATION, INC., PHARR PLANTATION MANAGMENT CO., LTD. AND HEBLEN KANAN, comply with the orders hereby rendered and refrain and desist from interfering with Plantation Homeowners Association, Inc.'s rights to the common areas, Rec Hall, Ballrooms, collection of assessments, making of expenditures, possession of equipment, computers, telephone systems, and security system as ordered herein.

The judgment at issue has provisions that are injunctive in nature and provisions that pertain to the ownership of real and personal property. *Compare* TEX. R. APP. P. 24.2(a)(3) (regarding judgments "for something other than money or an interest in property"), *with id.* R. 24.2(a)(2) (regarding judgments "for the recovery of an interest in real or personal property"). To the extent that the judgment is injunctive in nature, for example, as where the judgment requires an election to be held and employees to be terminated, the trial court had discretion to decline to permit the judgment to be superseded because appellees posted security against loss or damage. We note that the appellees' security should be in an amount and type that will secure the appellants against any loss or damage caused by the relief granted to the appellees if the appellate court determines on final disposition that the relief was improper. *See id.* R. 24.2(a)(3); *In re Dallas Area Rapid Transit*, 967 S.W.2d at 359–60 (construing former appellate rule 47(f)).

However, to the extent that the judgment controls the "recovery of an interest in real or personal property," the trial court lacked discretion to refuse supersedeas under Texas Rule of Appellate Procedure 24.2(a)(2). *See* TEX. R. APP. P. 24.2(a)(2). Where the judgment is for the recovery of real or personal property—as where the judgment orders title to the Rec Hall and Ballrooms to be transferred to Homeowners Association, and further determines the ownership of ballroom furniture, equipment, computers, telephone systems, and security systems as between the parties—the trial court must determine the amount of bond or deposit, and the amount must be equivalent to at least the value of the real property's rent or revenue or the value of the personal property on the date the trial court rendered judgment. *Id., see, e.g., Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 260 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd); *Solar Soccer Club v. Prince of Peace Lutheran Church*, 234 S.W.3d 814, 831 (Tex. App.—Dallas 2007, pet. denied).

## V. CONCLUSION

On the record before us, we conclude the trial court did not abuse its discretion in denying supersedeas and requiring the judgment creditors to post security with regard to the injunctive aspects of the judgment. However, we conclude that the trial court did abuse its discretion in refusing to allow appellants to supersede the judgment insofar as the judgment, in part, allows for the recovery of interests in real and personal property.

Accordingly, we affirm in part and reverse in part the trial court's order. We affirm the trial court's order insofar as it denied supersedeas with regard to the injunctive aspects of the judgment, and we reverse the order insofar as it refuses to allow supersedeas for the judgment as it regards the recovery of interests in real and

10

personal property.  Because the record does not show the value of the real property interest's rent or revenue, or the value of the personal property interests on the date when the trial court rendered judgment, we remand to the trial court for proceedings to determine these matters and to enter an appropriate order pertaining to the security that must be posted by the judgment debtors.  We note, in this regard, that the trial court has continuing jurisdiction to handle these matters during the pendency of this appeal.  *See* TEX. R. APP. P. 24.3(a).

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
21st day of February, 2012.