**In re DALLAS AREA RAPID TRANSIT, Relator.**

No. 97–0465.

Supreme Court of Texas.

Feb. 13, 1998.

Don Tella O'Bannon, Roland Castaneda, Andrew L. Wallace, Dallas, for Relator.

Terence M. Murphy, James J. Scheske, Dallas, for Respondent.

PER CURIAM.

The single question in this original mandamus proceeding is whether a governmental body ordered to disclose information requested under the Texas Public Information Act, TEX. GOV'T CODE §§ 552.001–.353, is entitled to supersede the order pending appeal. We answer yes.

About three weeks after nine-year-old Francine White was killed exiting the rear doors of a Dallas Area Rapid Transit bus, the *Dallas Morning News* submitted a request to DART under the Act for records reflecting the "results of all accident investigations involving equipment problems in the last five years". DART agreed to produce the records except for those pertaining to the White fatality, citing the statutory exception for information related to pending or impending litigation. *Id.* § 552.103. DART also requested an Attorney General's decision that the litigation exception applied to information regarding the White accident. *Id.* § 552.301. DART began producing information for the *News* until a few days later when DART received a request from an attorney representing a client in connection with White's death, asking for all information DART produced to the *News*. DART refused this request and ceased producing documents for the *News*. DART sought an Attorney General's opinion that the litigation exception excused further production.

The *News* then sued DART to force production of the requested information. After a bench trial, the district court rendered judgment for the *News*, ordering DART to produce the requested information excluding documents relating to the White fatality. The court also assessed attorney fees against DART. Three weeks later the Attorney General issued an informal letter ruling, OR97–1082. The ruling expressed no view on the production required by the court but stated that DART was not otherwise required to produce the requested information unless the information was produced in litigation.

DART appealed and filed a motion for stay of judgment in the district court, contending that its notice of appeal superseded the judgment based on Section 452.054(b) of the Transportation Code, which provides that a transportation authority like DART "may not be required to give a supersedeas or cost bond in an appeal of a judgment." The court agreed the judgment was superseded as to the attorney fee award but not as to the order of production. DART applied to the appeals court (where its appeal is pending) for mandamus relief requiring the district court to stay its judgment. At first the appeals court issued a temporary stay, but then it lifted the stay and denied all relief. DART applied to this Court for mandamus.

DART argues that the district court clearly abused its discretion in denying supersedeas of the judgment ordering production of information. We agree. At the time, former Rule 47(f) of the Rules of Appellate Procedure was in effect. That rule provided:

When the judgment is for other than money or property or foreclosure, the security *shall* be in such amount and type to be ordered by the trial court as will secure the judgment creditor for any loss or damage occasioned by the appeal. The trial court may decline to permit the judgment to be suspended on filing by the judgment creditor of security to be ordered by the trial court in such an amount as will secure the judgment debtor in any loss or damage caused by any relief granted if it is determined on final disposition that such relief was improper.[1]

---

1. Current Rule 24.2(a)(3) contains similar language:

When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post. The security must adequately protect the judgment creditor against loss or damage that the appeal might cause. But the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if an appellate court determines, on final disposition, that that relief was improper.

TEX.R.APP. P. 24.2(a)(3).

**360**

(emphasis added). The rule affords the trial court a measure of discretion. *Klein Indep. Sch. Dist. v. Fourteenth Court of Appeals,* 720 S.W.2d 87, 88 (Tex.1986); *Hill v. Fourteenth Court of Appeals,* 695 S.W.2d 554, 555 (Tex.1985). But that discretion does not extend to denying a party any appeal whatsoever. To allow a trial court discretion to refuse to supersede a judgment requiring production of information under the Act is to give that court the power to deny the governmental body any effective appeal, for once the requested information is produced, an appeal is moot. The rule does not permit such a result.

DART has no adequate remedy by appeal. In fact, unless relief is granted, it will have no appeal at all.

DART is exempt from posting security for supersedeas. TEX. TRANSP. CODE § 452.054(b). Thus, the trial court had no discretion to require DART to post security to supersede the judgment. However, Rule 47 would have allowed the district court to determine whether the *News* could avoid supersedeas by posting security protecting DART from the loss or damage caused by an erroneous ruling. The *News* did not file, or offer to file, security as a judgment creditor under Rule 47. Whether it would be an abuse of discretion for a trial court to deny supersedeas to a governmental body in such a case upon the posting of a bond by the judgment creditor is not an issue before us.

Accordingly, the Court grants DART's petition for writ of mandamus and without hearing oral argument, TEX.R.APP. P. 59.1, directs the district court to modify its order of May 13, 1997, to stay enforcement of its judgment unless the court determines that the *News* should be permitted to post the security required by Rule 24.2(a)(3), TEX. R. APP. P. We trust the district court will comply promptly. The writ will issue only if it does not.