**HYDROSCIENCE TECHNOLOGIES, INC., Appellant,**

v.

**HYDROSCIENCE, INC., et al., Appellees.**

**No. 05–11–01536–CV.**

Court of Appeals of Texas, Dallas.

Dec. 9, 2011.

Thomas L. Case, Tammy Sue Wood, John R. Fugitt, Bell Nunnally & Martin L.L.P., Dallas, TX, for Appellant.

R. Heath Cheek, Bell Nunnally & Martin LLP, Dwight M. Francis, Slates C. Veazey, Gardere Wynne Sewell LLP, Keith A. Clouse, Clouse Dunn Khoshbin LLP, Dallas, TX, for Appellees.

Before Chief Justice WRIGHT and Justices FRANCIS and LANG–MIERS.

## OPINION

Opinion By Chief Justice WRIGHT.

Before this Court is appellant's motion to review the trial court's order denying its request to post a supersedeas bond and allowing appellee, Hydroscience, Inc., to post a supersedeas bond. Appellee initiated in the trial court an original petition for writ of mandamus to compel examination of appellant's books and records. Appellee also sought a declaratory judgment that it owned stock in appellant. On November 7, 2011, the trial court entered judgment: (1) declaring that appellee owned 818,182 shares of preferred stock and has all rights of a shareholder of appellant; (2) granting appellee's petition for writ of mandamus and ordering appellant to promptly permit appellee to examine the company's books; and (3) awarding attorney's fees. Appellant timely appealed.

Appellant sought to post a supersedeas bond in the amount of $10,000 to suspend enforcement of the judgment. Appellee also sought to post a bond to allow it to look at the books pending appeal. Following a hearing, the trial court ordered that appellee could post a bond in the amount of $4,000 which it determined "will secure [appellant] against any loss or damage caused by the relief granted to [appellee] if an appellate court determines, on final disposition, that relief was improper, [appellee] shall be able to enforce the Final Judgment entered in this matter and no stay of such judgment shall result pending appeal." The trial court did stay the award of attorney's fees. The order further required that appellee "shall not disclose the contents of [appellant's] non-public books or records, except to senior corporate officers or outside counsel employed or retained by [appellee] or Third Party Defendants . . ." The trial court denied appellant's motion for supersedeas bond.

Rule 24.2(a)(3) provides that when the judgment is for something other than

money or an interest in real property, the security must adequately protect the judgment creditor against loss or damage that the appeal might cause. TEX.R.APP. P. 24.2(a)(3). The trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if the appellate court reverses. *Id.* This Court reviews a trial court's ruling under rule 24.2(a)(3) for an abuse of discretion. *See* TEX.R.APP. P. 24.4(a)(5); *EnviroPower, L.L.C. v. Bear, Stearns & Co.,* 265 S.W.3d 1, 2 (Tex.App.-Houston [1st Dist.] 2008, pet. denied).

█ Appellant is appealing both the right to inspection of its books and appellee's status as shareholder. Accordingly, appellant contends allowing appellee to inspect the books effectively denies it its right to appeal the inspection order. It argues that once appellee inspects the books, it will "forever lose the right to protect those books and records from disclosure to [appellee]." Appellant further argues that the trial court has also denied it its right to appeal appellee's shareholder status by allowing appellee to engage in shareholder activities while the appeal is pending.

█ A trial court's discretion under Rule 24.2(a)(3) does not extend to denying a party its appeal. *See In re Dallas Area Rapid Transit,* 967 S.W.2d 358, 360 (Tex. 1998) (original proceeding). In *DART,* the trial court ordered DART to disclose information requested under the Texas Public Information Act by the Dallas Morning News. DART appealed and filed a motion for stay. The trial court superseded the judgment as to the award of attorney's fees but not the disclosure of information. The supreme court conditionally granted the petition for mandamus stating that

"[t]o allow a trial court discretion to refuse to supersede a judgment requiring production under the Act is to give that court the power to deny the governmental body any effective appeal, for once the requested information is produced, an appeal is moot." *Id.*

In its response, appellee contends *DART* is distinguishable in that disclosure of documents was the only issue. In this case, appellee argues, the real issue in this case is ownership of the stock and that issue will not be completely unaffected by allowing it to inspect the books. We disagree. Under the supersedeas order, appellee is allowed to share what it learns through inspection of the books with senior corporate officers and outside counsel employed by appellee or third party defendants. If this Court holds on appeal that appellee does not have shareholder status, it should never have been allowed to inspect the books. The damage caused by the inspection and sharing of that information as permitted by the order will have been done.

Accordingly, we reverse the trial court's order to the extent it allows appellee to post a bond and inspect appellant's books. We affirm the order to the extent it stays the award of attorney's fees. We remand to the trial court to determine the amount of appellant's supersedeas bond.