In re OFFICE OF the ATTORNEY GENERAL OF TEXAS, Relator.

No. 05–11–01559–CV.

Court of Appeals of Texas, Dallas.

Jan. 3, 2012.

Deterrean Gamble, Rande Herrell, John B. Worley, Attorney General Office, Child Support Division, Michael Becker, Child Support Office, Austin TX, for Relator.

Darlene G. Darensburg, Dallas, Judith A. Grantham, Carrollton, for Real Party in Interest.

Before Justices MOSELEY, MARTIN RICHTER, and FILLMORE.

## OPINION

Opinion by Justice MARTIN RICHTER.

Relator filed this mandamus proceeding after the trial court signed an order requiring it to produce documentation of the amount of state benefits received by the mother of real party in interest's child. We conclude the trial court abused its discretion and relator has no adequate remedy by appeal. We therefore conditionally grant the writ of mandamus.

In 1990, the trial court entered an order establishing the parent-child relationship between real party in interest Charles Jackson and his child, T.D.Y. That order obligated Jackson to pay $50.00 per week in child support. In 2005, the trial court entered an order confirming child support arrears in which it found that Jackson owed $34,523.57 in arrearages as of March 31, 2005, but that $9,204.00 of those arrearages had been released. The trial court entered a final judgment in favor of the OAG that Jackson owed $25,319.57 in arrearages.

■ On December 31, 2010, Jackson filed a motion to confirm the arrearage amount and to terminate his child support and withholding of child support from his wages. Among other issues, Jackson claimed that the child's mother had received state benefits on behalf of T.D.Y. and on behalf of another child, who is not Jackson's. In response to this argument, the trial court ordered the OAG to "produce documentation, which reflects specific dates, the exact amount of state benefits

received on behalf of [redacted] to State Benefits received by [the mother] on behalf of [redacted]." This petition followed.

 In order to obtain mandamus relief, relator must show both that the trial court has abused its discretion and that it has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). Relator has met this burden. A trial court has no discretion to order the production of documents that are patently irrelevant to the case. *In re Colonial Pipeline Co.,* 968 S.W.2d 938, 941 (Tex.1998) (orig. proceeding). Here, Jackson argues the state benefits are relevant to determine the proper amount of arrearage. However, that amount was reduced to final judgment in 2005. Absent an allegation that the judgment is void, neither Jackson nor the trial court can now alter or attack it. *See In re M.K.R.,* 216 S.W.3d 58, 66 (Tex.App.-Fort Worth 2007, no pet.) (res judicata applies to arrearage judgments). Relator does not have an adequate remedy by appeal because an appellate court would not be able to cure the discovery error in this case. *Colonial Pipeline,* 968 S.W.2d at 941; *Walker,* 827 S.W.2d at 843–44.

Accordingly, we conditionally grant the relators' petition for writ of mandamus. A writ will issue only in the event the trial court fails to vacate its October 19, 2011 "Order to Compel Attorney General to Produce Documentation."