Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-12-00513-CV

**IN RE** Lori **HAGEE** and Serengeti Resort, LLC

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  October 10, 2012

PETITION FOR WRIT OF INJUNCTION DENIED

On August 13, 2012, Relators Lori Hagee and Serengeti Resort, LLC filed a petition for writ of injunction objection to the trial court's orders of July 7, 2012 and August 7, 2012. Relators seek an order against Respondents Scott Felder, Esperanza Properties GP, Inc., and Esperanza Properties, LP enjoining said parties from: (1) disposing of Esperanza Properties, LP's partnership assets – specifically the 108 acres contiguous to Relator Hagee's property; and (2) taking action to prevent Relator Serengeti from using the fenced-in portion of the 108 acres prior to the sale of the property.

On March 9, 2012, the jury returned a verdict wherein the respondents prevailed on the issues in question. Relators filed a motion to set supersedeas bond. During the several days of

---

[1] This proceeding arises out of Cause No. 10-094, styled *Esperanza Properties, LP and Louis Scott Felder v. Serengeti Resort, LLC and Lori Hagee*, pending in the 216th Judicial District Court, Kendall County, Texas, the Honorable N. Keith Williams presiding.

hearings, the trial court reviewed motions, affidavits, and lengthy argument of counsel. The trial court subsequently entered an order making the following findings: (1) Hagee's total net worth was $1,363,732.00; (2) fifty-percent of Hagee's net worth was approximately $681,866.00; and (3) that substantial economic harm could result from requiring that amount of bond. The trial court, therefore, determined the supersedeas bond should be lowered to $400,000.00 and set it at the same.

A trial court's decision regarding whether a party is likely to suffer substantial economic harm is a question of fact that we review for abuse of discretion. *Ramco Oil & Gas, Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 918 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Here, the evidence supported the trial court's findings that relators would suffer economic harm and the trial court substantially lowered the supersedeas amount. Under these circumstances, we cannot conclude the trial court abused its discretion in setting the required security. *Id.*; *see also McCullough v. Scarbrough, Medlin & Associates, Inc.*, 362 S.W.3d 847, 849-50 (Tex. App.—Dallas 2012, no pet.); *Hydroscience Technologies, Inc. v. Hydroscience, Inc.*, 358 S.W.3d 759, 761 (Tex. App.—Dallas 2011, no pet.). Accordingly, relators' petition for writ of injunction is denied.


PER CURIAM