

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| STEVE MOSSMAN IN HIS OFFICIAL CAPACITY AS DENTON COUNTY TAX ASSESSOR-COLLECTOR, | § § § | No. 08-13-00245-CV |
| | | Appeal from the |
| Appellant, | § | 431st District Court |
| v. | § | of Denton County, Texas |
| BANATEX, L.L.C., | § | (TC# 2012-71334-431) |
| Appellee. | § | |

## OPINION ON MOTION

Michelle French, in her official capacity as the Denton County Tax Assessor-Collector,[1] has filed what we have construed as a motion under TEX.R.APP.P. 24.4(a)(4) to review the trial court's order which denied suspension of the judgment and writ of mandamus pending appeal. Finding that the trial court abused its discretion, we grant the motion and reverse the trial court's order.

## PROCEDURAL BACKGROUND

According to the pleadings, Jacqueline Cottery had her 2001 Jaguar repaired at a Texas Star repair shop in Lewisville but she was unable to pay the repair bill in the amount of $1,838.90. Cottery entered into an agreement with Banatex requesting that it purchase the repair

---

[1] Banatex filed its mandamus petition against Steve Mossman in his official capacity as the Denton County Tax Assessor-Collector and the trial court issued the writ against Mossman and his successors. Michelle French is the current Denton County Tax Assessor-Collector. For convenience, the opinion will refer to the Denton County Tax Assessor-Collector as the TAC except where it is necessary to identify Mossman or French.

debt and Cottery agreed to pay the repair debt in installment payments. Texas Star subsequently sold the repair debt to Banatex and assigned its rights to the repair debt and the associated worker's lien to Banatex. Cottery allegedly defaulted on her payments and Banatex initiated the statutory process under Section 70.006 of the Texas Property Code to foreclose the worker's lien. Banatex sent the required statutory notices to Cottery and all other parties who held a security interest in the vehicle and it sent a copy of the notices to the TAC. The TAC, however, refused to file the notice or forward copies of it to all interested parties because he concluded Banatex does not hold a worker's lien under Chapter 70 of the Texas Property Code and the notice Banatex attempted to file did not trigger the TAC's duty set forth in TEX.PROP.CODE ANN. § 70.006(h)(West Supp. 2012).

On December 10, 2012, Banatex filed a petition for writ of mandamus in the trial court seeking to compel Steve Mossman, in his official capacity as the Denton County Tax Assessor-Collector, to file and forward notice of a worker's lien pursuant to TEX.PROP.CODE ANN. § 70.006. The trial court subsequently granted Banatex's motion for traditional summary judgment and the TAC filed notice of appeal on July 10, 2013.[2] The trial court issued the writ of mandamus on July 24, 2013 which provides as follows:

> **IT IS HEREBY ORDERED** that upon your receipt of an administrative fee of $25 payable to the county tax assessor-collector, and a Written Notice which:
>
> (1) asserts that the Notice is from a holder of a possessory lien on a motor vehicle under Tex. Prop. Code § 70.001, other than a person licensed as a franchised dealer under Tex. Occupations Code Chapter 2301 (the 'Lienholder'); and
>
> (2) asserts that the Lienholder has retained possession of a motor vehicle, motorboat, vessel, or outboard motor pursuant to Tex. Prop. Code § 70.001; and

---

[2] The Texas Supreme Court entered a docket equalization order transferring the appeal from the Second Court of Appeals to the Eighth Court of Appeals. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013).

(3) states the physical address of the real property at which the repairs to the motor vehicle were made;

(4) states the legal name of the person that holds the purported lien under Tex. Prop.Code § 70.001 for which the notice is required; and

(5) states the taxpayer identification number or employer identification number, as applicable, of the person that holds the purported lien under Tex. Prop. Code § 70.001 for which the notice is required; and

(6) includes a signed copy of the work order authorizing the repairs on the motor vehicle;

**YOU SHALL** file said Notice in your records within a reasonable period of time pursuant to Tex. Prop. Code § 70.006(a); and

**IT IS FURTHER ORDERED** that, not later than the 10th day after the date you or your office receives said written notice, provide a copy of the Written Notice to the owner of the motor vehicle and to each holder of a lien recorded on the certificate of title of that motor vehicle as is required of you and your office by Tex. Prop. Code § 70.006(h).

**IT IS FURTHER ORDERED** that the Written Notice delivered to You by Banatex, LLC on May 8, 2012 regarding a 2001 Jaguar S-Type with the VIN# SAJDA01P91GM20750, satisfies the above stated requirements, and that You shall file it and provide copies of said Notice in compliance with this order and with Tex. Prop. Code § 70.006.

The writ of mandamus is not restricted to the specific notice filed by Banatex which gave rise to this case as the court ordered the TAC to file any and all notices from a person claiming to have a possessory lien on a motor vehicle under Section 70.001 of the Property Code.

On August 7, 2013, Banatex filed a motion in the trial court asking the court to exercise its discretion under TEX.R.APP.P. 24.2(a)(3) to deny suspension of the judgment pending appeal. The trial court granted that motion by written order entered on August 23, 2013. The current Denton County Tax Assessor-Collector, Michelle French, filed a mandamus petition in this Court seeking review of the trial court's order refusing to suspend the judgment pending appeal. On October 2, 2013, we dismissed the mandamus petition and re-filed it as a motion to review

the trial court's order under TEX.R.APP.P. 24.4(a)(4). *See In re Michelle French in her Official Capacity as Denton County Tax Assessor-Collector*, No. 08-13-00254-CV (Tex.App.--El Paso October 2, 2013, orig. proceeding)(mem. op.). Given that Rule 24.4(a)(4) expressly permits a party to challenge such a decision by motion filed in the court of appeals having jurisdiction of the appeal, we concluded that review by motion filed pursuant to Rule 24.4, rather than by mandamus petition, is the proper procedural mechanism. *See id.*; *In re E.E. Hood & Sons*, No. 08-12-00094-CV, 2012 WL 1154447 (Tex.App.--El Paso 2012, orig. proceeding)(mem. op.); *Texas Custom Pools, Inc. v. Clayton*, 293 S.W.3d 299, 304 (Tex.App.--El Paso 2009, order). Consequently, we dismissed the mandamus petition and re-filed it in the instant appeal as a Rule 24.4 motion.

## DENIAL OF SUSPENSION OF JUDGMENT

The TAC contends that the trial court erred by granting Banatex's motion to deny suspension of the judgment because the notice of appeal automatically suspended the writ of mandamus. Alternatively, the TAC argues that an abuse of discretion exists because the court's order effectively denies the TAC its right of appeal.

Rule 25.1(h) provides that the filing of a notice of appeal does not suspend enforcement of the judgment. TEX.R.APP.P. 25.1(h). Enforcement of the judgment may proceed unless: (1) the judgment is superseded in accordance with Rule 24; or (2) the appellant is entitled to supersede the judgment without security by filing a notice of appeal. *Id.*

Unless the law or the Rules of Appellate Procedure provide otherwise, a judgment debtor may supersede the judgment by written agreement with the judgment creditor, by filing a bond, by making a deposit with the trial court clerk in lieu of a bond, or by providing alternate security ordered by the court. TEX.R.APP.P. 24.1(a). When the judgment is for something other than

- 4 -

money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post. TEX.R.APP.P. 24.2(a)(3). Rule 24.2(a)(3) provides the trial court with "a measure of discretion" to decline to permit the judgment to be superseded if the judgment creditor posts security in an amount determined by the trial court that will secure the judgment debtor against any loss or damage caused by the relief granted to the judgment creditor if an appellate court determines that the relief was improper. TEX.R.APP.P. 24.2(a)(3); *In re Dallas Area Rapid Transit*, 967 S.W.2d 358, 359-60 (Tex. 1998).

A county and its agencies or boards are exempt from filing a bond for an appeal. TEX.CIV.PRAC.&REM.CODE ANN. § 6.001 (West 2002); *Dallas County Appraisal District v. Institute for Aerobics Research*, 751 S.W.2d 860, 861 (Tex. 1988); *Enriquez v. Hooten*, 857 S.W.2d 153, 154 (Tex.App.--El Paso 1993, no writ). The exemption applies to governmental officials for action taken in their official capacity. *Enriquez*, 857 S.W.2d at 154; *Parker v. White*, 815 S.W.2d 893, 894 (Tex.App.--Tyler 1991, orig. proceeding). The county tax assessor-collector is an elected county official. *See* TEX.CONST. art. 8, § 14; TEX.TAX CODE ANN. § 6.21 (West 2008). It is undisputed that Banatex brought the mandamus petition against the Denton County Tax Assessor-Collector in his official capacity. Thus, the TAC is not required to post a bond in order to supersede the judgment entered by the trial court and the TAC's notice of appeal automatically superseded the trial court's judgment. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999). Banatex, however, invoked the trial court's discretion under Rule 24.2(a)(3) and the court determined that the judgment would not be superseded during the appeal.

The issue presented by the TAC's motion is whether the trial court abused its discretion by refusing to permit the judgment to be suspended during this appeal. A trial court's ruling setting post-judgment security is reviewed under an abuse-of-discretion standard. *See Nelson v.*

*Vernco Const., Inc.*, 367 S.W.3d 516, 521 (Tex.App.--El Paso 2012, order); *Shook v. Walden*, 304 S.W.3d 910, 916 (Tex.App.--Austin 2010, order). A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011). Similarly, a court abuses its discretion when it acts without reference to guiding rules or principles. *Samlowski*, 332 S.W.3d at 410; *Nelson*, 367 S.W.3d at 521.

The Texas Supreme Court observed in the *Dallas Area Rapid Transit* case that the trial court's discretion under the predecessor to Rule 24.2(a)(3) does not extend to denying a party any appeal whatsoever. *In re Dallas Area Rapid Transit*, 967 S.W.2d at 359-60. If the trial court's refusal to permit the judgment to be superseded causes the appeal to become moot, the appellant has been denied an effective appeal and an abuse of discretion is shown. *Id.* at 360. As a result of the trial court's determination that the writ of mandamus will not be suspended pending appeal, the TAC is compelled to file the notice provided by Banatex related to Cottery's vehicle and issue notice as required by Section 70.006. Once this occurs, Banatex could pursue foreclosure. The TAC asserts that once the notice of lien is filed and notice is sent, the appeal would be rendered moot because those actions cannot be undone. An appeal becomes moot when the appellate court's actions cannot affect the rights of the parties. *See Pinnacle Gas Treating, Inc. v. Read*, 104 S.W.3d 544, 545 (Tex. 2003); *In re Bailey*, 296 S.W.3d 859, 864 (Tex.App.--Tyler 2009, orig. proceeding). It is not entirely clear whether the TAC could simply un-file the notice once it has been filed. Even if the notice could be un-filed, the TAC could not retract the notice which has been sent to the owner and other lienholders. Thus, in the event the TAC is successful on appeal and the writ of mandamus issued by the trial court is reversed, our judgment cannot undo the TAC's transmission of the notice to owner and other lienholders. This

would render the appeal moot.

For these reasons, we conclude that the trial court abused its discretion under Rule 24.2(a)(3) by determining that the judgment and writ of mandamus will not be suspended pending this appeal. We therefore grant the TAC's motion and reverse the trial court's order granting Banatex's motion to deny suspension. TAC's notice of appeal automatically superseded the writ of mandamus. Our order entered on October 2, 2013 staying the writ of mandamus will remain in effect until this appeal is finally resolved or upon further order of this Court.

October 9, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.