

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00126-CV

MATTHEW EUGENE DEVINE, APPELLANT

V.

VICKI DIANNE DEVINE, APPELLEE

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-552104-14, Honorable Jerome S. Hennigan, Presiding

May 20, 2015

ORDER

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Matthew Eugene Devine, filed an "Emergency Motion for Review of Trial Court Ruling Pursuant to [Texas] Rule [of Appellate Procedure] 24.4," which challenges the trial court's denial of Matt's motion requesting the trial court to set the type and amount of security for a supersedeas bond during the pendency of the appeal. Appellee, Vicki Dianne Devine, has filed a response to Matt's motion. We will reverse the trial court's order denying Matt's motion to set supersedeas and remand to the trial

court for proceedings to determine the appropriate type and amount of security to supersede the judgment pending appeal.

## Factual and Procedural Background

The appeal that is pending before this Court relates to construction of the terms of sale for a community property lake house (the property) contained within the parties' agreed decree of divorce. According to the divorce decree, the property was to be listed for sale for a six-month period and, if the property was not sold within that period, it was to be listed for another six-month period during which the parties were required to accept the highest offer made by a qualified buyer. These periods commenced as of the "date of listing." However, this phrase was not defined in the decree and disagreement between the parties relating to what this phrase means led to the present litigation.

According to Matt, the date of listing is February 20, 2013, the date that the realtor signed the listing agreement to sell the property. Vicki contends that the parties agreed that the date of listing was November 29, 2012, as provided in the listing agreement that was signed by both parties. Matt made a written offer to buy the property on February 19, 2014. Thus, whether, under the terms of sale contained within the divorce decree, the parties had to accept Matt's offer turns on the construction of the phrase "date of listing" and whether the offer was made during the second six-month period.

After Vicki refused to accept Matt's February 19, 2014 offer, Matt filed the present enforcement action. Vicki filed a counter-petition seeking enforcement and/or

clarification of the divorce decree's terms of sale, post-divorce division of property, and appointment of a receiver to continue efforts to sell the property to a third party. The trial court heard evidence and argument on November 19 and 20, 2014. On January 26, 2015, the trial court signed two orders: (1) "Order Denying Matthew Devine's First Amended Petition for Enforcement of Final Divorce Decree and Order Granting in Part Vicki Devine's First Amended Counter-Petition for Enforcement and/or Clarification of Property Division, Petition for Post-Divorce Division of Property, and Request for Appointment of Receiver," and (2) "Order Appointing Receiver and Granting Specific Authority." On March 12, 2015, Matt filed notice of appeal and a motion to set amount and type of security for supersedeas pursuant to Texas Rule of Appellate Procedure 24.2. On April 7, the trial court entered an order denying Matt's motion.

Under the authority of Texas Rule of Appellate Procedure 24.4, Matt filed an "Emergency Motion for Review of Trial Court Ruling Pursuant to [Texas] Rule [of Appellate Procedure] 24.4" challenging the trial court's denial of Matt's motion seeking a supersedeas bond. By his motion, Matt contends that the trial court abused its discretion by failing to set a type and amount of security to supersede enforcement of the underlying judgment.

## Standard of Review

A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). Texas Rule of Appellate Procedure 24.4 authorizes an appellate court to engage in a limited

3

supersedeas review.  *See* TEX. R. APP. P. 24.4.[1]  On any party's motion, we may review: (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion in ordering the amount and type of security.  *See* Rule 24.4(a).  We may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial court clerk.  *See* Rule 24.4(d).  We may also require other changes in the trial court order and remand for entry of findings of fact or for the taking of evidence.  *See id.*

We review trial court rulings pursuant to Texas Rule of Appellate Procedure 24.4 under an abuse of discretion standard.  *See EnviroPower, L.L.C. v. Bear, Stearns & Co.*, 265 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *Ramco Oil & Gas Ltd. v. Anglo Dutch (Tenge) L.L.C.*, 171 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2005, order); *TransAmerican Natural Gas Corp. v. Finkelstein*, 905 S.W.2d 412, 414 (Tex. App.—San Antonio 1995, writ dism'd).  A trial court abuses its discretion when it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case, or when it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles.  *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011) (citing *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997), and *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996)).

---

[1] Further citation to Texas Rules of Appellate Procedure will be by reference to "Rule __."

The Law Regarding Suspension of Enforcement

Unless the law or the rules of appellate procedure provide otherwise, a judgment may be superseded and enforcement of the judgment suspended pending appeal. Rule 24.1(a). The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken. *Smith v. Tex. Farmers Ins. Co.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied).

Rule 24.1 sets out the requirements for suspending enforcement of a judgment pending appeal in civil cases. A supersedeas bond must be in the amount required by Rule 24.2 of the Texas Rules of Appellate Procedure. *See* Rule 24.1(b)(1)(A). Under Rule 24.2, the amount of the bond depends on the type of judgment. Rule 24.2(a). When the judgment is for the recovery of money, the amount of the bond must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. Rule 24.2(a)(1); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a), (b) (West 2015). When the judgment is for the recovery of an interest in real or personal property, the trial court will determine the type of security that the judgment debtor must post; however, the amount of the security must be at least the value of the real property's rent or revenue or the value of the personal property interest on the date of judgment. *See* Rule 24.2(a)(2). When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post. Rule 24.2(a)(3). However, in such cases, the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered in an amount and type

that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if the appellate court reverses. *Id.*; *see Klein Indep. Sch. Dist. v. Fourteenth Court of Appeals*, 720 S.W.2d 87, 88 (Tex. 1986) (orig. proceeding). Nevertheless, a trial court's discretion to refuse to permit a judgment to be superseded under Rule 24.2(a)(3) does not extend to denying a party its appeal by rendering the appeal moot. *See In re Dallas Area Rapid Transit*, 967 S.W.2d 358, 360 (Tex. 1998) (orig. proceeding) (per curiam); *Mossman v. Banatex, L.L.C.*, 440 S.W.3d 835, 839 (Tex. App.—El Paso 2013) (op. on motion); *Hydroscience Techs., Inc. v. Hydroscience, Inc.*, 358 S.W.3d 759, 761 (Tex. App.—Dallas 2011, no pet.).

Analysis

Because the requisites of the bond depend on the type of judgment, we must first analyze the type of judgment in this case. *See* Rule 24.2(a).

The final judgment orders that both parties to the present appeal have an interest in the real property.[2] The trial court does not have discretion to refuse supersedeas when a judgment orders recovery as an interest in real property. *Kanan v. Plantation Homeowner's Ass'n, Inc.*, No. 13-11-00282-CV, 2012 Tex. App. LEXIS 1458, at *14 (Tex. App.—Corpus Christi Feb. 21, 2012) (mem. op. on order) (citing Rule 24.2(a)(2)). Where the judgment is for the recovery of real property, the trial court must determine the amount of bond or deposit, and the amount must be equivalent to at least the value of the real property's rent or revenue. Rule 24.2(a)(2)(A); *Kanan*, 2012 Tex. App. LEXIS

---

[2] The judgment orders that, upon the sale of the property, both parties are awarded fifty percent of the proceeds, with certain adjustments made for reimbursement for fees and expenses as well as payment of any outstanding mortgages remaining on the property.

6

1458, at *14; *Whitmire v. Greenridge Place Apts.*, 333 S.W.3d 255, 260 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.) (op. on reh'g).

In the present case, the trial court denied Matt's motion to set amount and type of security for supersedeas. Therefore, to the extent that the judgment awarded an interest in real property, the trial court abused its discretion by failing to allow Matt to supersede the judgment. *Kanan*, 2012 Tex. App. LEXIS 1458, at *14.

It is, however, possible that the judgment in this case is for something other than an interest in real property.[3] According to Rule 24.2(a)(3), the trial court must set the amount and type of security that the judgment debtor must post. *Rowe v. Watkins*, 324 S.W.3d 111, 112 (Tex. App.—El Paso 2010) (op. on motion). The security "must adequately protect the judgment creditor against loss or damage that the appeal might cause." Rule 24.2(a)(3); *Rowe*, 324 S.W.3d at 112. However, in this situation, a trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if the appellate court reverses. Rule 24.2(a)(3); *Kanan*, 2012 Tex. App. LEXIS 1458, at *9-10. Again, a trial court's discretion does not extend to denying a party its appeal. *See In re Dallas Area Rapid Transit,* 967 S.W.2d at 360*; Mossman,* 440 S.W.3d at 839*; Hydroscience Techs., Inc.,* 358 S.W.3d at 761*.*

In the present case, the trial court did not set the amount and type of security that Matt must post. In fact, the trial court simply denied Matt's motion to set amount and

_____

[3] Because the judgment awards the parties an interest in as-yet-unrealized proceeds from the sale of the property, the award is not a direct recovery of an interest in real property.

type of security for supersedeas. Further, Vicki did not offer to post security. *See In re State Bd. of Educator Certification*, 411 S.W.3d 576, 578 (Tex. App.—Austin 2013, orig. proceeding) (Jones, J. concurring) (discussing *In re Dallas Area Rapid Transit*, 967 S.W.2d at 360, as establishing that appellee must request the trial court deny suspension of the judgment by offering to post a bond). Finally, if the judgment is not superseded and the property sells while the appeal is pending, Matt's appeal would be rendered moot because his potential right to purchase the property pursuant to the terms of the divorce decree would be permanently lost. Thus, to the extent that the judgment awarded an interest in something other than money or property, the trial court abused its discretion by failing to allow Matt to supersede the judgment. *In re Dallas Area Rapid Transit*, 967 S.W.2d at 360; *Kanan*, 2012 Tex. App. LEXIS 1458, at *9-10.

Based on the foregoing, in this case, the trial court abused its discretion by failing to set an amount and type of supersedeas bond for Matt to post to prevent enforcement of the judgment pending appeal. However, our review of the record reflects that there was insufficient evidence presented to the trial court for an appropriate supersedeas bond to be set. To determine the type and amount of security necessary to preserve the status quo during the pendency of an appeal, the trial court must hear and consider evidence. *See Reyes v. Credit Based Asset Servicing and Securitization*, 190 S.W.3d 736, 741 (Tex. App.—San Antonio 2005, no pet.) (Duncan, J., concurring); *Culbertson v. Brodsky*, 775 S.W.2d 451, 455 (Tex. App.—Fort Worth 1989, writ dism'd w.o.j.). In such a situation, we must remand to the trial court for proceedings to determine the type and amount of security necessary to preserve the status quo during the pendency of an appeal and to enter an appropriate order pertaining to the security that must be posted

by Matt.  *See* Rule 24.4(d); *Kanan*, 2012 Tex. App. LEXIS 1458, at *15-16; *Culbertson*, 775 S.W.2d at 455.

## Conclusion

We reverse the order of the trial court denying Matt's motion requesting the trial court to set the type and amount of security for a supersedeas bond during the pendency of this appeal.  Because the record does not contain sufficient evidence to establish the appropriate type and amount of security to supersede enforcement of the underlying judgment, we remand to the trial court for proceedings to determine the type and amount of security and to enter an appropriate order pertaining to the security that must be posted by Matt.  We note that the trial court has continuing jurisdiction to handle these matters during the pendency of this appeal.  *See* Rule 24.3(a).

Per Curiam