**DENY MOTION; and Opinion Filed November 3, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01247-CV

### ROGER AND EDNA PAYNE, Appellants
### V.
### GURLEY PLACE APARTMENTS, Appellee

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-04830-E**

## MEMORANDUM OPINION TO REVIEW SUPERSEDEAS BOND

Before Chief Justice Wright, Justice Bridges, and Justice Stoddart
Opinion by Chief Justice Wright

Before the Court is appellants' Emergency Motion for Supersedeas Bond to Continue the Bond Already Set for Four Hundred Twenty-Five Dollars Being Paid Into the Court Registry. Appellants request that the Court order the $425 supersedeas bond set by the justice court as bond for the de novo appeal of this case to the county court at law to remain in place for the appeal of this case to this Court. Appellants state that the county court denied their motion for supersedeas bond on October 23, 2015.

Neither this Court nor the justice court has the authority to determine the initial amount of the supersedeas bond that must be paid to stay the county court's judgment pending appeal. TEX. PROP. CODE ANN. § 24.007 (West 2014) (judgment of county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of judgment, appellant files supersedeas bond in amount set by county court); TEX. R. CIV. P. 510.13

(judgment of county court may not be stayed unless within 10 days from judgment appellant files a supersedeas bond in an amount set by county court pursuant to Section 24.007 of Texas Property Code). Rather, the county court at law must set the amount of bond. TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13. This Court may then, upon motion, review the trial court's determination whether to permit suspension of enforcement of the trial court's judgment. TEX. R. APP. P. 24.4(a)(4). Accordingly, we treat relator's Emergency Motion for Supersedeas Bond to Continue the Bond Already Set for Four Hundred Twenty-Five Dollars Being Paid Into the Court Registry as a motion brought pursuant to rule 24.4.

We review a trial court's ruling setting post-judgment security under an abuse of discretion standard. *Mossman v. Banatex, L.L.C.*, 440 S.W.3d 835, 838 (Tex. App.—El Paso 2013, order) (opinion on motion for review of supersedeas bond). Although appellants' motion shows that they filed a $425 bond on October 2, 2015 to perfect their appeal from the justice court to the county court at law, *see* TEX. R. CIV. P. 510.9(a), their motion does not demonstrate they timely sought to supersede the October 6, 2015 judgment of the county court at law as required by the property code and the rules of civil procedure. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13. Appellants' motion does not establish any basis for concluding that the county court abused its discretion in determining that suspension of enforcement of its judgment should be denied. The deadline has passed for the filing of a supersedeas bond in this case. TEX. PROP. CODE ANN. § 24.007. We deny the motion and affirm the trial court's order in all respects.

/Carolyn Wright/
_____
CAROLYN WRIGHT
CHIEF JUSTICE

151247F.P05

–2–