# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00129-CV

**Qatar Foundation for Education, Science and Community Development, Appellant**

**v.**

**Ken Paxton, Texas Attorney General; and Zachor Legal Institute, Appellees**

### FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY,
### NO. D-1-GN-18-006240, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellant Qatar Foundation for Education, Science and Community Development has filed a Rule 24.4(a) motion, requesting that this Court review and reverse the trial court's order denying the Foundation's motion to set a supersedeas bond amount and suspend enforcement of the judgment that is the subject of this appeal. *See* Tex. R. App. P. 24.4(a) (authorizing appellate review of trial court's ruling on Rule 24 motion seeking to suspend enforcement of judgment). For the following reasons, we reverse the trial court's order denying the Foundation's motion and order the Foundation to post a bond in the amount of $1,000 to supersede the judgment. *See id.* R. 24.4(d) (authorizing appellate court to require changes in trial court's order, including posting of bond).

## BACKGROUND

The Foundation appeals from the trial court's grant of Zachor Legal Institute's plea to the jurisdiction, which resulted in the dismissal of the Foundation's case. In the underlying case, the Foundation sued the Attorney General pursuant to the Texas Public Information Act (PIA) to prevent disclosure of certain requested records held by Texas A&M University that the Foundation asserts contain its confidential, sensitive, and trade-secret information. *See generally* Tex. Gov't Code §§ 552.001-.376. The Foundation sought to set aside portions of the Attorney General's open-records ruling and to obtain a declaratory judgment that the requested records were exempt from disclosure under the PIA. The requestor of the information, Zachor, was not named as a defendant but was provided with notice of the suit, pursuant to Section 552.325 of the PIA. *See id.* § 552.325. Zachor intervened in the suit.

The Foundation and Zachor filed cross-motions for summary judgment on the merits of whether the records at issue are exempt from disclosure. On the morning of the hearing on the summary-judgment motions, Zachor filed a plea to the jurisdiction, arguing that (1) the Foundation lacked standing to bring its PIA claim because no provision of the PIA authorizes a third party that asserts privacy or property interests to file a lawsuit to challenge the Attorney General's decision on an open-records ruling and (2) Texas A&M, the governmental body that had requested the Attorney General's ruling, was not a party to the lawsuit. After the hearing, both the Foundation and the Attorney General filed post-hearing briefs opposing the plea to the jurisdiction, arguing that the plain text of the PIA and the Texas Supreme Court's precedent in *Boeing Co. v. Paxton* support the Foundation's standing as a third party to bring its claim. *See Boeing Co. v. Paxton*, 466 S.W.3d 831 (Tex. 2015). The trial court granted Zachor's plea to the jurisdiction and dismissed the case.

The Foundation filed a motion to supersede the judgment pursuant to Texas Rules of Appellate Procedure 24.1 and 24.2, arguing that it would be irreparably damaged if the judgment were not superseded because once the Foundation's confidential and sensitive information is made public, the damage to the Foundation will have been done and the appeal would be rendered moot. In response, Zachor argued that an order granting a plea to the jurisdiction is not a "judgment" and therefore cannot be superseded. Zachor also argued that superseding the judgment would amount to an improper injunction against nonparty Texas A&M and the Foundation cannot show how it will be irreparably injured. The trial court denied the Foundation's motion to supersede, stating in its order that it found the motion should be denied because "there is no 'judgment' in this case that any party could enforce."

**ANALYSIS**

In its motion to this Court, the Foundation argues that (1) the trial court erred as a matter of law by holding that an order granting a plea to the jurisdiction is not a judgment that can be superseded under Rule 24, and (2) the trial court abused its discretion by declining to supersede a judgment when a failure to supersede would render the appeal moot. The Foundation further argues that no bond posted by Zachor could offset the irreparable harm the Foundation will suffer if the judgment is not superseded and the Foundation prevails on appeal; therefore, Zachor should not be allowed to counter-supersede the judgment under Rule 24.2(a)(3). Moreover, the Foundation asserts that this Court should set a nominal bond in the amount of $1,000 for it to post to supersede the judgment because Zachor identified no harm resulting from a suspension of the judgment.

The Attorney General submitted a letter to the Court informing us that it does not intend to file a response to the Foundation's motion because it "does not oppose the motion and

believes it is appropriate for the Court to prevent the release of the information at issue in order to preserve its jurisdiction to decide the merits of the appeal." Zachor filed a response to the motion, arguing that there is "no judgment that any party is threatening to, or indeed could, enforce" and that the Foundation is improperly attempting to obtain what amounts to an injunction against nonparty Texas A&M by attempting to supersede the judgment.

**Issue 1: The order is a final judgment that can be superseded.**

In its motion to the trial court, the Foundation sought to suspend enforcement of the judgment by posting a bond as allowed under Rule 24.2(a)(3), which governs the amount of a bond required to supersede a judgment for something other than money or an interest in real property. The Rule provides in relevant part:

> [T]he trial court *must set the amount and type of security that the judgment debtor [here, the Foundation] must post. The security must adequately protect the judgment creditor [here, Zachor] against loss or damage that the appeal might cause*. But the trial court may decline to permit the judgment to be superseded if the judgment creditor [Zachor] posts security ordered by the trial court in an amount and type that will secure the judgment debtor [the Foundation] against any loss or damage caused by the relief granted the judgment creditor [Zachor] if an appellate court determines, on final disposition, that that relief was improper.

Tex. R. App. P. 24.2(a)(3) (emphasis added). In response, Zachor argued to the trial court that its order of dismissal is not a "judgment" to which Rules 24 and 25 apply because "there is no 'judgment' to be enforced," and thus, no enforcement to be suspended by supersedeas. We disagree.

Whether titled an "order" or a "judgment," a grant of a plea to the jurisdiction that dismisses an entire case is in substance a final judgment because it disposes of all parties and all

4

claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record . . . ."). In its response to this Court, Zachor acknowledges that a dismissal of all claims and all parties is final and potentially appealable, but it argues that the trial court's dismissal order, as a practical matter, is not enforceable (i.e., Zachor cannot use the order to force Texas A&M to produce the documents), and thus, there is nothing to be suspended. However, Zachor's argument mischaracterizes the nature of this PIA appeal.

As the governmental entity from whom documents were sought, Texas A&M's request for a ruling from the Attorney General suspended its obligation to provide the records at issue.[1] *See* Tex. Gov't Code §§ 552.301 (setting forth procedure for requests to Attorney General), .302 (providing that in absence of such request, information "is presumed to be subject to required public disclosure and must be released unless there is a compelling reason to withhold the information"). The Foundation brought suit against the Attorney General under Section 552.325 as an entity seeking to withhold information from a requestor. Its suit was not against Texas A&M or Zachor, although the PIA required it to notify Zachor of the suit and also allowed Zachor to intervene. *See id.* § 552.325(a), (b). Under the PIA, Zachor must also be

---

[1] Zachor argues that the status quo that supersedeas would protect here is the absence of an order preventing disclosure of the documents. *See El Caballero Ranch, Inc. v. Grace River Ranch, L.L.C.*, — S.W.3d —, No. 04-16-00298-CV, 2016 WL 4444400, at *3 (Tex. App.—San Antonio Aug. 24, 2016, no pet.) ("Supersedeas is a writ that preserves the status quo of a matter as it existed before the issuance of a final judgment from which an appeal is being taken."). We disagree. Here, the status quo is that Texas A&M sought a ruling from the Attorney General's office on Zachor's request, and that request for a ruling suspended Texas A&M's obligation to disclose the documents. Until the Foundation's challenge to the Attorney General's ruling is ultimately resolved, the absence of Texas A&M's obligation to produce the documents is the status quo to be protected by supersedeas.

allowed an opportunity to intervene and oppose any settlement that the Attorney General might seek to enter into with the Foundation. *Id.* § 552.325(a).

The Foundation argues that the trial court's dismissal of its suit against the Attorney General has the same practical effect as an adverse ruling on the merits would—without a pending challenge to the Attorney General's letter ruling, in theory, Zachor could seek to enforce the Attorney General's ruling and compel disclosure of the documents at issue. Even if, as a practical matter, Zachor is unlikely to be able to obtain the information from Texas A&M while the suit is pending, especially in light of the Attorney General's position that it is appropriate for the Court to prevent the release of the information, superseding the trial court's order granting the State's plea to the jurisdiction is the Foundation's only recourse from Zachor's ostensible legal right to attempt to obtain the information. Thus, the trial court abused its discretion by declining to set a bond "because there is no 'judgment' in this case that any party could enforce."

**Issue 2: The trial court lacked discretion under Rule 24.2(a)(3) to decline to permit the Foundation to supersede the judgment.**

If there is a final, appealable judgment or appealable interlocutory order, under Rule 24.2(a)(3), the trial court must allow the judgment to be superseded. Tex. R. App. P. 24.2(a)(3) ("[T]he trial court must set the amount and type of security that the judgment debtor [here, the Foundation] must post."). The trial court only has discretion with regard to the amount and type of security that the Foundation must post under Rule 24.2(a)(3) to adequately protect Zachor against damage that the appeal might cause. *See id.* Moreover, the trial court does not have discretion to refuse to supersede a judgment that would require production of information in a PIA case because "once the requested information is produced, an appeal is moot." *In re*

*Dallas Area Rapid Transit*, 967 S.W.2d 358, 360 (Tex. 1998). Superseding the judgment in this case is necessary to preserve the Foundation's right to appeal and pursue its claims on the merits.

However, Rule 24.2(a)(3) allows the trial court discretion to decline to permit the Foundation to supersede the judgment if the court could ensure through a bond posted by Zachor that the Foundation would be protected from damage caused to it if the information is released to Zachor, and the Foundation later succeeds on appeal. But Zachor only offered to post a nominal bond of $1,000, and it provided no evidence to support that a nominal amount would protect the Foundation from erroneous disclosure of the information.

The Foundation, on the other hand, offered evidence that it will suffer unquantifiable irreparable harm if the requested information is disclosed. The Foundation argued that it would be "irreparably damaged" if the judgment were not superseded because "[o]nce the confidential and sensitive information is made public, the damage to [the Foundation] will already have been done" and would render an appeal moot. It submitted an affidavit to the trial court from the Foundation's general counsel attesting to the highly confidential nature of its negotiations and arrangements with Texas A&M, disclosure of which would cause competitive harm to the Foundation.

The Foundation further argued that it should only be required to post a nominal bond of $1,000 to supersede the judgment because neither Zachor nor any of the other involved parties would suffer any loss or damage as a result of suspending the judgment while the appeal is pending. Zachor presented no evidence of any harm it would suffer from a stay during the pendency of the appeal. Accordingly, we conclude that the trial court abused its discretion by failing to allow the Foundation to post a nominal bond to supersede the judgment, given the lack

7

of evidence of harm to Zachor and the evidence of unquantifiable irreparable harm to the Foundation if the information is disclosed while the appeal is pending.

### CONCLUSION

The trial court abused its discretion by denying the Foundation's Rule 24 motion. Because Zachor did not present any evidence to the trial court of harm it would suffer from a stay during the pendency of the appeal, the record before the trial court established that the Foundation should be allowed to post a nominal bond in the amount of $1,000.  To maintain the status quo and to protect our jurisdiction over the appeal, we grant the Foundation's motion for review of the trial court's order, and we suspend the trial court's judgment and any enforcement of the Attorney General's letter ruling that would require Texas A&M to disclose the Foundation's information at issue in this suit.  *See* Tex. R. App. P. 24.4(d).  We order that the Foundation post a bond in the amount of $1,000 with the trial-court clerk on or before November 11, 2020.  *See id.*

It is so ordered on October 22, 2020.


Before Chief Justice Rose, Justices Baker and Kelly

Filed:   October 22, 2020